STATE *ex rel.* THOMS ADAMSON, Petitioner, *v.* THE LAFAYETTE COUNTY COURT, Respondents.

1. *Mandamus—Jurisdiction—Ministerial Acts.*—The writ of *mandamus* lies either to compel the performance of a ministeral act, or is addressed to subordinate judicial tribunals requiring them to exercise their judicial functions and give judgment in cases before them. It will not lie to compel an inferior tribunal to give a particular judgment nor to reverse a decision already made; its office being to prevent a failure of justice from delay or refusal to act.

2. *County Courts—Jurisdiction—Ministerial Acts—Offices— Collector—Revenue.*—In approving of the bond of the sheriff as collector of the State and county revenue, the justices of the County Court act in a ministerial, not in a judicial capacity. Their discretion is confined to an examination of the sufficiency of the security offered, and that must be a sound legal discretion, not capricious, arbitrary, nor oppressive.

15—VOL. XLI.

| | |
|---|---|
| 41 | 221 |
| 101 | 361 |
| 41 | 221 |
| 123 | 539 |
| 41 | 221 |
| 141 | 20 |
| 41 | 221 |
| 76a | 328 |
| 41 | 221 |
| 166 | 561 |
| 41 | 221 |
| 173 | ¹511 |

State ex rel. Adamson v. Lafayette Co. Ct.

*Petition for Mandamus.*

*Chester Harding, Jr.*, for petitioner.

I. This court is the general guardian of public rights, and, in exercise of its authority to grant the writ, will render it, as far as it can, the suppletory means of substantial justice in every case where there is no other specific legal remedy for a legal right. The right of the court to apply this means for the attainment of such end, and to prevent that defect of legal justice which might otherwise ensue, has been generally admitted—Tapp. on Mand. 9 et seq., and authorities there cited; R.R. Co. v. Comm'rs Clinton Co., 1 Ohio, 77.

In this case there is no specific remedy for the wrong complained of, other than the writ of mandamus. An appeal from the orders of the County Court, in the premises, would not lie—Hixon's case, *ante* p. 210.

No suit for damages against the individuals who compose the County Court, if such suit could be maintained, would suffice to enforce the petitioner's legal right to the office of the sheriff. Moreover the office is of a public character, in which the people of the county are interested as well as the petitioner.

II. This court has the power to supervise and correct the proceedings of the County Court, notwithstanding the discretionary power confided therein as regards the approval of the collector's bond, provided that the power is shown to have been abused. The discretion spoken of must be a sound legal discretion, and must not be used in an arbitrary, corrupt, or oppressive manner; if otherwise, this court will interfere—Tapp. on Mand. 12–14, & notes; Rex v. Justices of Wiltshire, 10 East, 404; Rex v. Archbishop of Canterbury, 15 East, 136; State ex rel. Epler v. Lewis, 10 Ohio, 128; Gulich v. New, 14 Ind. 93; Marion et al. v. McCall, 5 Geo. 522. For a full elaboration of this point, see People ex rel. &c. v. Superior Court of N. Y., 5 Wend. 114; Pickett's case, 1 Spencer (N. J.) 134; Platte Co. Ct. v. McFarland, 12 Mo. 166.

*Green* and *Ryland,* for respondents.

It is within the province of a superior court to compel an inferior court to act ; but where they have acted upon a matter in which they have a discretion legally submitted to them, their decision, however erroneous, cannot be reviewed on writ of mandamus.    And the judgment of no other tribunal can be substituted for theirs—19 Pick. 298 ; 21 Pick. 259 ; 10 Pick. 244.

WAGNER, Judge, delivered the opinion of the court.

This case comes before us on a demurrer to the petition, and the only question is whether this court has jurisdiction over the proceeding.    The relator avers his title to the office of sheriff of Lafayette county, and that he was duly elected, commissioned and qualified, and has acted as such up to the 6th day of June, 1867, when the respondents acting in the capacity as judges of the County Court in said county made an order, which was entered of record in said court, declaring the office of sheriff vacant.

It is further alleged that on the 24th day of May, 1867, the County Court of Lafayette county caused an order to be made stating that the revenue of the county for the year 1867 would be about $85,000, and requiring the relator as sheriff to make a bond with sufficient security in double that sum within ten days from the date thereof; that on the 3d day of June, 1867, within the time specified, he appeared before the said court, then in open session, and produced, exhibited and offered for approval his bond as collector of the revenue, with good and sufficient sureties, in the penal sum of one hundred and seventy thousand dollars and conditioned as required by law ; that anticipating unfair and unjust action on the part of the said court, the justices whereof are personally and politically hostile to the relator, he took extraordinary pains in procuring sureties, and that thirty-five well known and responsible citizens of Lafayette county, who are owners of real estate situated therein, became his

sureties in said bond and as such executed the same, he having first executed it as principal ; that the said sureties are owners of real estate in said county of the value of at least three hundred thousand dollars, subject to execution, over and above their debts and liabilities, and that this fact was and is well known to the justices of said County Court ; but that, notwithstanding the premises, the said County Court actuated by malice and by a determination to deprive him of his said office, through a corrupt, arbitrary and illegal use of the forms of law, rejected and refused to accept said bond, and also refused to allow the relator to prove the sufficiency and responsibility of his sureties.

The petitioner further states, that on the 6th day of June, 1867, the said County Court, in order to carry out its malicious, arbitrary, corrupt and illegal intention and determination, made and adopted an order declaring the office of sheriff of said county vacant on account of the failure of the petitioner to execute his bond as collector, and ordered a new election ; and a mandamus is prayed for to command and require the County Court to accept and approve the said bond, &c.

The respondents demur to the petition on the ground that the County Court has a discretion by law in refusing or approving bonds ; that the subject-matter belongs to its exclusive jurisdiction, and that having acted, this court cannot revise its action or take cognizance of its proceedings through the process of mandamus.

The writ of mandamus lies either to compel the performance of ministerial acts, or is addressed to subordinate judicial tribunals, requiring them to proceed to exercise their judicial functions, and give judgments in cases before them. Mandamus will not lie to compel an inferior tribunal to give a particular judgment, or to reverse its decision where it has once acted ; its peculiar scope and province being to prevent a failure of justice from delay or refusal to act. Where the subordinate tribunal acts judicially, it may be compelled to proceed, but it will be left to decide and act according to

its best judgment. In such cases the party aggrieved by the decision has his remedy either by appeal or writ of error, and mandamus never issues except where the petitiones has a specific right and no other specific remedy.

The existence of an equitable remedy, such as specific performance, constitutes no impediment to the remedy of mandamus (People v. Brennan, 39 Barb. 522 ; 10 Wend. 395) ; nor will it be denied merely because the relator may have a remedy by action for damages—People ex rel. Livingston v. Taylor, 1 Abb. Pr. (N. S.) 200 ; S. C. 30 How. Pr. 78. It is sufficient if the relator has no other remedy for the specific right which he claims. Thus, it has been determined in New York that the commissioner of jurors is not a judicial but a ministerial officer within the rule. The act of the commissioner of jurors in determining upon the sufficiency of the excuse relied on by such an applicant, is not a judicial act within the rule relating to mandamus. It is true, he has to decide on the sufficiency of the excuse offered by the juror to have his name stricken from the list of jurors ; but still the nature of that excuse and the duty of the officer are clearly defined by the statute ; and when the truth of the facts relied on is shown to him, he has no discretion to exercise, and has no right to keep the name of the juror on the list—People v. Taylor, *supra*.

In Dunklin Co. v. District Ct., 23 Mo. 449, the court said that the writ issued "in order to prevent disorder from a failure of justice or defect of police, and is therefore granted only in cases where the law has provided no specific remedy, and in justice and good government there ought to be one. It does not lie to correct the errors of inferior tribunals by annulling what they have done erroneously, nor to guide their discretion, nor to restrain them from exercising power not delegated to them ; but it is emphatically a writ requiring the tribunal or person to whom it is directed, to do some particular act appertaining to their public duty, and which the prosecutor has a legal right to have done."

Now, is the approval or rejection of a sheriff's bond by the

County Court the exercise of such judicial function or discretion as will preclude this court from all supervisory control of its action ?' The G. S. § 2, p. 113, provides that the sheriff shall give bond and security to the State, to the satisfaction of the County Court. The only duty of the court is to be satisfied that the bond and security is sufficient. There is nothing presented before the tribunal for adjudication, and its action is not the exercise of a judicial discretion or judgment within the meaning of the rule. The approval or rejection of the bond is essentially a ministerial act, though coupled with a discretion. When the law devolves upon an officer the exercise of a discretion, it is a sound legal discretion, not a capricious, arbitrary, or oppressive one. In a case like the one presented here, if this court has no jurisdiction the petitioner would stand in the anomalous attitude of a person having a clear specific right, and yet be entirely remediless by law. A hostile court could remove any sheriff in the State and vacate his office by declaring his bond insufficient, and arbitrarily refusing to hear any testimony in regard to the solvency and pecuniary responsibility of his sureties. If the County Court acts independent of all supervision, and its discretion is exclusive and uncontrollable, the result above indicated may follow, and there is no redress. It is true that the judges may be punished for malfeasance in office, but that furnishes no remedy to the person unjustly deprived of his rights. A discretion delegated to an officer is a sound legal discretion, the meaning of which is well known and understood in the law, and is not an unlimited licence to the officer to act and do as he pleases, irrespective of restraint. The universal practice has been, and it is doubtlessly the most satisfactory way of proceeding in determining the sufficiency of a bond, to examine the parties to the bond who have signed it touching their responsibility, and also other witnesses who are conversant with their means, in open court, and we are at a loss to know why this privilege was denied the relator in this case. He had the right to introduce evidence concerning the

sufficiency of the bond, and it was the duty of the court to hear the same. Section 3, article 4, of the State Constitution invests this court with the power of issuing mandamus and other remedial writs, and declares that it shall have a general superintending control over all inferior courts of law. The citizen has the undoubted right to appeal to this remedial process in a proper case, when he would be otherwise without remedy ; and here if we have no authority to interfere, the action of the County Court would be final, for neither appeal or writ of error will lie in this instance.

Our opinion is that the demurrer should be overruled. The other judges concur.