STATE OF MISSOURI *ex rel.* JOSEPH M. SPARKS *et al.*, Relators, *v.* ELIAS V. WILSON, JUDGE OF FOURTH JUDICIAL CIRCUIT, Respondent.

1. Mandamus *to inferior court having judicial functions will not lie, when.*— *Mandamus* will not lie from the Supreme Court compelling the judge of an inferior court to issue an injunction, even in vacation, where in his opinion the bill shows no equity. (Wagn. Stat. 1028-9, § 6; *id.* 1032, § 24.)

In such case the judge acts in a judicial capacity, and while this writ would compel him to take some action in the premises it could not force him to render any particular judgment or decision. And no distinction exists, in the application of this principle, between a temporary and final injunction. The Supreme Court has no original jurisdiction in a suit of this character, and cannot assume it indirectly by passing upon a bill brought forward before a lower court.

## Petition for Mandamus.

*J. G. Blair*, for relators.

If there be a right and no other specific remedy, *mandamus* will lie. (Moses Mand. 17, 18.) The discretion of a superior court in issuing it is not arbitrary but judicial. (Moses Mand. 18.) The granting of an injunction by a court or judge is a ministerial act. (4 Ark. 302; 9 Ark. 336.) An injunction bill which if answerable will not be refused though erroneous. (See 19 Penn. 211; 14 Md. 152; 15 Cal. 107; 40 Ill. 388; 4 Iowa, 570; 16 Eng. Law & Eq. 327-35; 35 Barb. 373; 9 Paige Ch. 373; 3 Ark. 352.) The discretion of inferior courts must be sound and legal. (41 Mo. 221.) The allowance or rejection of a claim against a county is not a judicial act. (46 Mo. 18.) A tax-payer may enjoin a tax illegally levied. (Hooper v. Ely, 46 Mo. 505.)

State of Mo. ex rel. Sparks et al., Relators, v. Wilson, Judge of 4th Jud. Circuit.

Giving to the act of Judge Wilson the most charitable view, it amounts to a misconstruction of the law of the case, and this court holds that in such case a *mandamus* will issue by this court. (Castello v. St. Louis Circuit Court, 28 Mo. 259.)

*Hughes, Baker & Bland*, for respondent.

Having heard the application of relators for an injunction and passed upon it judicially, respondent's judgment cannot be inquired into upon *mandamus*, nor can errors of judicial judgment be corrected by *mandamus*.

Nor can he be required to decide any case or matter of judicial discretion in any particular manner. (Dunklin County v. Dunklin County District Court, 23 Mo. 454 ; Castello v. St. Louis Circuit Court, 28 Mo. 277; Adamson v. Lafayette County Court, 41 Mo. 221 ; *Ex parte* Koon, 1 Denio, 644 ; *Ex parte* Jacobs, *id ; Ex parte* Ostrander, *id.* 679 ; Judges of Oneida v. People, 18 Wend. 79 ; People v. Judges of Duchess, 20 Wend. 658 ; *Ex parte* Mahone, 30 Ala. 50 ; United States v. Lawrence, 3 Dallas, 42 ; *Ex parte* Hoyt, 13 Pet. 279 ; *Ex parte* Whitney, *id.* 404 ; Rex v. Justices of Wilts, 2 Chit. 257; Gray v. Bridge, 11 Pick. 189 ; People v. Judges of Wayne County Court, 1 Manning, 359 ; Elkins v. Atkinson, 2 Denio, 191 ; Chase v. Blackstone Canal Co., 10 Pick. 244 ; Griffith v. Cochran, 5 Binn. 103 ; Regina v. Justices of Bristol, 28 Eng. L. & Eq. 160.)

Whatever may be the opinion of this court on the construction of the law upon which the judge based his action and opinion in refusing the writ of temporary injunction, this court cannot interpose by *mandamus* to compel the circuit judge to adopt their judgment instead of his own as the rule of decision in a case judicially before him. The court may compel him to proceed to judgment, but cannot dictate what that judgment shall be. It cannot, except on appeal or error, review that judicial determination. (See cases above cited.)

The writ will not be granted to review and correct errors in judicial determinations of inferior tribunals, even where there is no remedy by error or appeal. (People v. Judges of Wayne County Court, *supra;* People v. Judges of Duchess, *supra; Ex parte* Ostrander, *supra; Ex parte* Whitney, *supra.*)

BLISS, Judge, delivered the opinion of the court.

The relators presented a petition in equity to the respondent as judge of the Circuit Court of Scotland county, asking for a preliminary injunction, pending the suit instituted by said petition against the County Court of said county, restraining them from issuing bonds in payment of a subscription to the stock of the Missouri, Iowa & Nebraska Railroad Co., and upon hearing said application he refused to allow the injunction.   The present proceeding is an application for a peremptory writ of *mandamus* commanding him to allow said preliminary injunction.   The suit instituted by the petition is now pending in said Scotland county, and the first question now presented is, whether in this proceeding we can review the action complained of, and, if we think there is sufficient equity in the petition, order the allowance.

It is not disputed that *mandamus* either lies to compel the performance of ministerial acts, or, if addressed to subordinate jurisdictions or tribunals exercising judicial functions, that its province is not to command in advance any particular judgment or decision, but only to proceed to act in the premises.   (State v. Lafayette Co., 41 Mo. 221.)   The writ will not interfere with judicial discretion exercised by a court or judge, and if error has been committed some other mode must be resorted to, to correct it.   Recognizing this principle, counsel for relators claim that the allowance of the preliminary injunction in vacation is a ministerial act, and that the judge has no discretion in the matter if the petition shows any equity.

There is a distinction between a judicial discretion and an ordinary one.   It is the duty of a judge to decide all questions according to law; he cannot choose not to do so.   But such judge must decide what is the law as applied to the facts.   This decision is an exercise of judicial discretion, in distinction from a discretion vested in one who is at liberty to choose whether he will do this or that.   "When applied to a court of justice, it means sound discretion guided by law."   (4 Serg. & R..265.)

We have then only to inquire whether the action sought by the relators was judicial in its nature; in other words, whether in

deciding upon the application the judge exercised a judicial, discretion.

The record shows that when first applied to, the respondent allowed a temporary injunction until a day set, when a further hearing could be had, and that after hearing the parties he refused to continue it, upon the ground that there was no equity in the petition.   This certainly has the appearance of judicial action, though it may not be decisive.   The statute regulating this remedy points in the same direction.   Section 24, chapter 167, Gen. Stat. 1865 (Wagn. Stat. 1032), provides that injunction shall lie in the cases named, "whenever, in the opinion of the court, an adequate remedy cannot be afforded by an action for damages;" and section 1 provides that "injunctions may be granted by the Circuit Court, or any judge thereof in vacation;" and section 6 provides that notice shall be given the adverse party.   It would seem that judicial action was contemplated by these provisions, as well by the judge in vacation as by the court upon the final hearing.   The notice implies a hearing — the consideration of all objections — and the exercise of judicial discretion.

That a final judgment on bills for injunction involves an exercise of judicial discretion is not denied.   Indeed, discretion, in the ordinary sense of the word, can with more propriety be applied to the action of the court in this proceeding than in any other; for, in the language of Justice Baldwin in Bonaparte v. Camden & Amboy R.R. Co., 1 Baldw. Ch. 218, "there is no power the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion, or is more dangerous in a doubtful case, than the issuing of an injunction;" and Story (Eq., § 863) says that the granting or refusing is a matter resting in the sound discretion of the court, and in section 959 b, says that the courts will not lay down any "rules which will limit their power and discretion as to the particular cases in which injunction shall be granted," and that the jurisdiction ought to be "guarded with extreme caution, and applied only in very clear cases."

The books abound in observations by courts and commentators of similar import, implying the exercise of peculiar discretion upon application for injunctions ; and no distinction seems to be

made between a preliminary allowance and one upon final hearing. In Roberts v. Anderson, 2 Johns. Ch. 202, a preliminary injunction had been allowed, and on motion to dissolve it before final hearing, the chancellor remarked that "the granting or continuing the process must always rest in sound discretion, to be governed by the nature of the case." Cory v. Yarmouth & N. R.W. Co., 3 Hare, 593, was an application to restrain the defendant from encroaching upon plaintiff's legal rights, and in passing upon the case the vice-chancellor said : " That is always a matter resting in the discretion of the court ;" that, if with the plaintiff, " the court may, in the exercise of its discretion, grant the injunction in the first instance."

We infer that the allowance or refusal of an injunction is a judicial rather than a ministerial act, from the nature of the transaction. A ministerial act is defined by Chief Justice Chase in State of Mississippi v. Johnson, 4 Wall. 498, as follows : "A ministerial duty, the performance of which may in proper cases be required of the head of a department by judicial process, is one in respect to which nothing is left to discretion. It is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law."

In Gaines v. Thompson, 7 Wall. 353, where an attempt was made to control the discretion of the land commissioner, Justice Miller, after quoting the above definition, says : " The action of the officers of the land department, with which we are asked to interfere in this case, is clearly not of this character. The validity of plaintiffs' entry, which is involved in their decision, is a question which requires the careful consideration and construction of more than one act of Congress. * * * It is far from being a ministerial act under any definition given by this court."

This court, in State v. Lafayette County, *supra*, held that a County Court, in accepting a sheriff's bond, did not act judicially ; for " there is nothing presented before the tribunal for adjudication, and its action is not the exercise of a judicial discretion or judgment."

From these definitions I am drawn irresistibly to the conclusion that the action of the respondent complained of was

judicial in its character, and that he refused to continue the injunction in the exercise of a judicial discretion. If the act was not judicial, I can hardly conceive any to be so, except a final judgment. It is not like a case where a judge will be ordered to sign a bill of exceptions, for that is his " simple, definite duty," in regard to which he has no discretion, nor is it like a case where a judge refuses to try a cause. That, too, is his clear duty, and he has no discretion but to perform it. While *mandamus* will lie in those cases, the judge will not be directed to sign a particular bill unless it is a true one, nor will he be ordered to render any particular judgment, but only to proceed to try the cause and render some judgment. Nor is it like a *mandamus* upon a clerk of court to issue a writ, for in this he has no discretion upon petition filed — it is a definite ministerial duty. But in an application for an injunction, the judge must examine the petition and exhibits ; he must carefully consider this somewhat complicated branch of the law ; he must inquire whether the rights of the parties are being infringed, and whether they may not have a legal remedy ; whether any irreparable injury will arise if they are remanded to their legal remedy, or if the restraining order be not issued until a full hearing of the cause ; and what damages may result to the defendants, more perhaps than can be recovered on a bond, from the allowance of the injunction. And in the examination of all these matters he must " act with extreme caution," and " the granting or continuing the process must always rest in sound discretion, to be governed by the nature of the case."

We have been referred to but two cases where a *mandamus* has been issued to compel the allowance of an injunction, nor have I been able to find others. These both arose in the State of Arkansas, and are, Conway *et al.*, *ex parte*, 4 Ark. 325, and Pile *et al.*, *ex parte*, 9 Ark. 336. In that State authority is given the Supreme Court by statute to award a *mandamus* in a proper case to the Circuit Courts or judges, compelling them to grant an injunction. (Gould's Digest Ark. Stat. 602.) The cases cited do not refer to the statute, and one of them undertakes to derive the power from the assumption that the act of the judge is a

ministerial one. While in both cases the jurisdiction of the court under the statute is undoubted, I am not struck with the force of the reasoning in the case of Conway, where it is sought to be based upon other grounds. The case cited in its support does not sustain it.

It is said that if a *mandamus* is denied, parties may be without remedy in case a circuit judge should refuse to allow a preliminary injunction. There is certainly force in this suggestion, and it has been considered. Cases of hardship might arise, although practically injunctions are issued rather too profusely than too sparingly. The remedy is an extraordinary one, and the law places it in the first instance only in the hands of certain officers and courts. The Supreme Court has no original jurisdiction in the matter, and we cannot take it indirectly by passing upon the equity of a petition before the suit is instituted. If it is considered that the ends of justice require that we do so, a statute similar to the one in Arkansas should be enacted. Until then we must be content with an appellate jurisdiction.

The petition will be dismissed. Judge Currier concurs. Judge Wagner not sitting.