### SAWYER v. MAYHEW, State Auditor.

1. Under Comp. Laws, § 69, providing that all claims against the state shall be presented to the auditor, "who shall examine and adjust the sums which shall be found due from the state and shall issue warrants," etc., the auditor may reasonably require that, where officers present bills for

traveling expenses, they must attach to the voucher presented receipts for all sums expended by them.

2. Mandamus will not issue to review or interfere with the discretionary action of the state auditor in the examination and adjustment of such claims.

(Opinion filed May 10, 1897.)

Original application by H. W. Sawyer for a writ of mandamus to compel H. E. Mayhew, state auditor, to draw a warrant. Denied.

The facts are stated in the opinion.

*T. H. Null*, for relator.

*Horner & Stewart*, for respondent.

The state auditor, under Sec. 50 Comp. Laws, is clothed with full judicial and discretionary powers, such powers as can not be controlled by courts upon mandamus. State v. Hastings, 10 Wis. 461, 468; State v. Doyle, 38 Wis. 92; People v. Auditor, 2 Colo. 97; People v. Board, 11 Cal. 43.

While mandamus will lie against a state auditor to compel him to act, yet when he has acted and in a discretionary matter, mandamus will not lie to review his action and compel him to act in a particular manner. Ambler v. Auditor General, 38 Mich. 746; Danley v. Whitely, 14 Ark. 649; Spelling Ext. Rel. § 1459; State v. Board, 119 Ind. 447; Tilden v. Board, 41 Cal. 68; Holliday v. Hendersen, 57 Ind. 103; People v. Council, 78 N. Y. 33; State v. Carey, 49 N. W. 164; High Ext. Leg. Rem. § 46; Younger v. Board, 68 Cal. 241; Hoole v. Kinkead, 16 Nev. 217; State v. La Fayette Co., 41 Mo. 224; Warden v. Town Council, 9 R. I. 128.

The legislature having provided a remedy for any person feeling aggrieved by the action of the auditor in refusing to draw his warrant in Chap. 1, Laws 1890, that remedy is exclusive, and the party aggrieved cannot prosecute mandamus. State v. Babcock, 22 Neb. 38.

Moneys appropriated by the legislature for expense accounts of state officers cannot be used in paying for the subsistence and hotel bills of such officers.

FULLER, J.   Plaintiff, who is the secretary of the board of
railroad commissioners, applies originally to this court for a
mandamus to compel the auditor of this state to draw a warrant
upon the state treasurer for $50.47 in payment of the following
itemized expense account:

State of South Dakota, to H. W. Sawyer, Dr.

| | | |
|---|---|---|
| Jan'y 28, '97.   Hotel, Pierre, 1-28 to 2-1............. ............... | $ 8 | 00 |
| Feb'y 21, '97.   Hotel, Pierre, 2-17 to 2-21........................... | 8 | 00 |
| Mar. 8, '97.   Expenses on trip to Des Moines and Chicago: | | |
| Mar. 8.   Breakfast, dinner, Huron................................. | 1 | 00 |
| Mar. 8.   Supper, Hawarden....................................... | | 50 |
| Mar. 8.   Hack, Des Moines........................................ | | 25 |
| Mar. 9-10.   Street car fare, Des Moines......................... ... | | 30 |
| Mar. 10.   Hotel bill, Des Moines..................................... | 2 | 50 |
| Mar. 10.   Lunch................................................... | | 25 |
| Mar. 10.   Hack..............................  .................... | | 25 |
| Mar. 10.   Sleeper, Hawarden...................................... | | 50 |
| Mar. 11.   Hotel, Hawarden....................... ................ | 1 | 00 |
| Mar. 18.   Expenses, Chicago, from 11th to 18........................ | 10 | 00 |
| Mar. 27.   Breakfast, Rock Rapids.................................. | | 50 |
| Mar. 27.   Dinner, Hawarden....................................... | | 50 |
| Mar. 27.   Supper, Huron.......................................... | | 50 |
| Mar. 28.   Sleeper, Chicago to Hawarden........................... | | 50 |
| Apl. 9.   Hotel, Pierre, 3-29 to 4-12................... ............. | 14 | 25 |
| Apl. 9.   Stamps.................................................. | 1 | 67 |
| | $50 | 47 |

"State of South Dakota, County of Hughes.   H. W. Saw-
yer certifies that the foregoing account is just and true (or
were actually paid for the necessary expense of this affiant,
while in the discharge of his official duty), and that the prices
therein mentioned are just and correct, and that this bill, nor
any part thereof, has been paid.   H. W. Sawyer.

"Subscribed and sworn to before me this 10th day of April
1897.   Philip Lawrence, Notary Public, South Dakota."

The paper containing the foregoing statement and the fol-
lowing endorsement thereon, was the only voucher presented
for the defendant's approval or rejection:

"As chairman of the board of railroad commissioners, I
hereby certify the within account to the auditor of the state

of South Dakota for the issuance of his warrant upon the treasurer in accordance with the provisions of an act entitled 'An act to provide for the establishment of a board of railroad commissioners, etc.,' approved March 8th, 1889. W. H. Tompkins, Chairman."

In refusing to issue warrant demanded, the defendant, upon the account rendered, made the following notation.

"Warrant for within claim is refused until receipts for money alleged to have been expended are attached, or until satisfactory evidence is furnished to show that alleged expenses were actually incurred, according to the tenor of letter from state auditor under date of Jan. 6, 1897, copies of which were served upon members of the railroad commission, and of which claimant has had due notice. H. E. Mayhew, Auditor, by E. F. Schwartz, Deputy."

One of the rules formulated by the defendant upon assuming his official duties' and to which particular attention is directed in his letter of January 6, 1897, is: "That where claims are presented for money expended, in addition to the itemized voucher, a receipt from the party receiving the money will be required in all cases without exception. Sheriffs, members of the state boards, and all officers presenting bills for traveling and other expenses, will be required to attach to the voucher presented to this office a receipt for any and all sums expended by them. Blank receipts will be furnished upon application."

According to Webster's Dictionary, and in ordinary acceptation, the noun "auditor" is used to designate "a person appointed and authorized to audit or examine an account or accounts, compare the charges with the vouchers, examine the parties and witnesses, allow or reject charges, and state the balance. One who hears judicially," etc. Sec. 69 of the Compiled Laws provides that: "All accounts and claims against the state which shall be by law directed to be paid out of the treasury thereof shall be presented to the auditor, who shall examine and adjust the sums which shall be found due from

the state and shall issue warrants payable at the state treasury,"
etc. It will thus be seen that the legislature has not only in-
vested the auditor with power to hear and determine, but by ex-
press enactment required him to investigate and adjust, every
claim for expenses against the state presented for the issuance
of a warrant upon funds appropriated and payable at the state
treasury. Counsel's contention that the defendant, by reject-
ing the claim for the reasons stated, in effect refused to act of-
ficially, and that mandamus is, therefore, a proper remedy, is
not entitled to favorable consideration. In the absence of a
statute to the contrary, the auditor, in the management of his
official affairs, may make and enforce rules that are reasonable
and consistent with sound public policy. As a matter of fact,
the number and character of demands upon the treasury for
money suggests the necessity of systematic methods and regu-
lations by which the auditor may, in the orderly performance
of his trust, require, act upon, and for his own protection re-
tain in the official archives, the best proof of which a claim
against the state is susceptible. A receipt from one to whom
money has been paid, though not conclusive evidence, is a
proper voucher of the fact; and a rule requiring that a receipt
for items claimed as traveling and incidental expenses must ac-
company a demand upon the state for a warrant in payment
therefor, is not, in this class of cases, unreasonable. Plaintiff's
right to a warrant depends primarily upon the fact that ex-
penses of a nature entitling him to reimbursement from the
treasury of the state were actually sustained in the amount
claimed, and the defendant had the right to take upon himself
the responsibility of rejecting the claim by refusing to issue a
warrant, for the reason that it was not, in his judgment, suffic-
iently shown "that the alleged expenses were actually incurred."
It is a matter of common knowledge that, in the absence of any
law requiring it, some of the departments of the federal gov-
ernment insist upon the observance of a similar rule; and the
legislature of this state, as a condition precedent to the is-

suance of a warrant upon funds appropriated has, by express enactment, required certain officers to submit to the state auditor together with other vouchers, receipts for all disbursements of whatever kind. Comp. Laws, § 245. Moreover, the rule is elementary, and consequently well settled, that mandamus will not issue to control the acts of, or review the methods by which, an officer has discharged a public duty, concerning, and in the performance of which, the law has clothed him with discretion to examine, adjust, allow, or reject. People v. Auditor of Colorado Territory, 2 Colo. 97; People v. Supervisors of City and County of San Francisco, 11 Cal. 43; Merrill, Mand. 110. Although, upon a refusal to act, the auditor may be required to proceed within the exercise of his discretion, it is only when the law has specially enjoined upon such officer a ministerial duty that mandamus will lie to compel its performance in a particular manner. Comp. Laws, § 5517. The following cases sustain the doctrine that mandamus is not a remedy by which to review or interfere with the discretionary action of an officer to whom the people have intrusted the responsibility of auditing claims against the state: People v. Auditor General, 38 Mich. 746; Danley v. Whiteley, 14 Ark. 687; State v. Doyle, 38 Wis. 92; State v. Board of Com'rs, 119 Ind. 444, 21 N. E. 1097. When, as in this case, an officer has, in the exercise of his discretion, examined and disallowed a claim, mandamus will not issue to reverse his judgment and compel him to act in a specific manner diametrically opposite. Tilden v. Board of Sup'rs, 41 Cal. 68; People v. Common Council of Troy, 78 N. Y. 33; State v. Carey, (N. D.) 49 N. W. 164; Hoole v. Kinkead, 16 Nev. 217; State v. Lafayette County Court, 41 Mo. 224.

Were it conceded that the legislature has made the issuance of a warrant by the auditor a mere ministerial duty, by conferring upon the board of railroad commissioners power to adjust, audit, and certify its secretary's expense account, the certificate upon the back thereof would be wholly insufficient,

for the reason that it in no manner tends to show that said board has ever taken any official action thereon to ascertain that the same is a legal charge, just and true, no part of which has been paid. That the auditor should have and exercise discretion in the examination and adjustment of claims against the state, with power to reject the same, was the clear intention of the framers of the constitution, as well as the legislative assembly; and to the law of the land and the people, who, in their sovereign capacity, placed him on guard at the threshold of the treasury, he must answer and account for his stewardship. To all persons deeming themselves aggrieved by the refusal of the state auditor to allow and issue a warrant upon a just demand against the state, the legislature has provided a plain, speedy, and adequate remedy at law, which constitutes the exclusive means for the enforcement of a rejected claim like the one before us. Laws 1890, Chap. 1., The statute viewed in the light which eminent lawyers have thrown upon jurisprudence, and the well considered cases from the foundation of our governmental system, leads us irresistibly to the conclusion that it is not the province of mandamus to settle differences of opinion between a claimant and the auditor as to the sufficiency of evidence offered in support of an unliquidate demand upon the latter for a warrant in payment of expenses not specifically provided for by law. The application for a writ of mandamus is, therefore, denied.