STATE. ex rel. HINRICHS et al., Respondent, v. OLSON, Appellant.

(139 N. W. 109.)

1. **Mandamus—Officers as Relators—Members of Board of Education.**

Members of a board of education of an independent school district, without showing any interest personally or as taxpayers or citizens, may institute mandamus to compel treasurer of the board to countersign bonds of the district; it is not necessary that the board itself institute the proceedings.

2. **Mandamus—Motion to Quash Writ—Propriety of—Answer Filed.**

Code Civ. Proc., Sec. 768, providing for showing cause in mandamus by answer, does not preclude respondent from moving to quash the writ on ground that complaint or affidavit does not state facts authorizing judgment thereon, as a motion is in the nature of a demurrer, and respondent cannot be required to answer the complaint or affidavit where its sufficiency is challenged, until its sufficiency is determined. **Held,** further, that,

even though an answer has been filed pursuant to the Code, defendant still retained the right to move to quash on said ground.

3. **Election—School Bonds—Notice of Amount and Purpose.**

Where, in a proceeding by an independent school district, to hold an election for a school district bond issue, the affidavit in mandamus stated that the president of the board duly issued his proclamation and notice in which there was set forth "the amount of said bonds proposed to be issued, * * * and the purpose for which the same were to be used," held, to be a compliance with Laws 1907, ch. 135, Sec. 195, requiring that in such proclamation "the amount of bonds issued and the purpose" to be stated.

4. **Mandamus—Judgment on Writ and Answer, Without Evidence—Question of Law.**

Where the complaint in mandamus alleged facts sufficient to entitle plaintiffs to a peremptory writ, and the answer does not state a defense, the court properly determined the case upon the pleadings as a question of law upon plaintiff's motion for judgment upon writ and answer, without taking evidence.

5. **Mandamus—Pleading Amount of Proposed Bonds—Burden of Proof.**

In mandamus to compel signature of treasurer of school district to its bonds, the complaint need not allege that the amount of proposed bonds is within constitutional limit. If they exceed that limit, the burden would be on defendant to show that fact as a defense.

6. **Pleading—Corporate Existence—Denial for Want of Information.**

The corporate existence of any domestic corporation, public or private, should always be expressly denied, and a denial upon information and belief is insufficient.

Where, in mandamus on behalf of board of education of an independent school district, defendant alleged by answer that the territory in question comprises "the independent school district," etc., the allegation was equivalent to one that the district was a corporation, and overcame another allegation denying, upon information and belief, corporate existence.

(Opinion filed December 14, 1912.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Mandamus by the State of South Dakota on the relation of John G. Hinrichs and others against C. A. Olson, as Treasurer of the Independent School District of the Town of Claremont, of the Counties of Brown and Marshall. From a judgment for relators upon their motion for judgment on writ and answer, for a peremptory writ, defendant appeals. Affirmed.

See, for opinion of the court on motion to dismiss appeal in this case, 139 N. W. 112.

*L. T. Van Slyke,* and *Byron Abbott,* for Appellant.

The plaintiffs show no right to maintain this action, except the allegation that they are members of the school board of the independent school district of Claremont; they do not show that either of the plaintiffs have any personal interest in said action; and it does not appear that either of these parties has any personal interest in the suit either as a taxpayer or as a citizen, nor does he claim any personal interest. If this action is instituted in behalf of the public, it should have been instituted in the name of the school district.

In support of the second objection, appellant calls the attention of your court to the last sentence found in section 117, chapter 135 of the Session Laws of South Dakota for the year 1907. which reads as folows: "All actions brought by or against such corporations shall be in the name of the board of education of said independent district of the county of.............. of the state of South Dakota." This section of the statute is exclusive and governs the question as to who should be parties plaintiff in this action.

Referring to the third objection: The statute governing the issuance of bonds provides that the notice of election shall state the amount of the proposed bonds, the rate of interest, and the date of maturity; and failure to include these questions in the notice is fatal to the election.

"If it appears that the conditions upon which the bonds were to be issued, have not been complied with, their issue will be enjoined to prevent them from reaching the hands of innocent holders for value." 15 American Ency. Law, *1272;* Hansard v. Green, 132 Am. St. Reports, 1107; State v. School District No. 1, 38 Pac. 462.

Referring to the fourth objection: Appellant's answer raises several issues which were ignored by the court in its judgment. Appellant put in issue the very existence of the independent school district of the town of Claremont, put in issue the allegation that the defendant was the treasurer of the independent school district of Claremont, and put in issue the regularity of the notice of election and of the election upon which the proposed issue of bonds

were based.   By the answer, issue was raised a second time upon the quesion of the corporate existence of the independent school district of the town of Claremont.   The independent school district of the town of Claremont is not impleaded as a corporation.   The allegation of its corporate existence is at the foundation of this proceeding.   Its existence was put in issue by the general denial, and put in issue a second time by the clause in the last paragraph of the answer.   This paragraph reads as follows:   "That this defendant has no knowledge or information that the independent school district of the town of Claremont, of the counties of Brown and Marshall, in the state of South Dakota, is a corporation, sufficient to form a belief, and therefore denies the same and remits plaintiffs to proof."   This denial raises the question of the corporate existence of the independent school district of the town of Claremont, and both upon information and belief puts the plaintiff on proof.   Cummings v. Lawrence County, 46 N. W. R. 182; Cummings v. Lawrence County, 50 N. W. R. 900.

Referring to the fifth objection:   The court granted to relators judgment upon the pleadings.   This was error.   Section 767 of the Code of Civil Procedure, governing the practice in mandamus, uses the following language:   "The writ cannot be granted by default.   The case must be heard by the court whether the adverse party appears or not."   It is the universal rule of the courts having statutes similar to our own that the allegations of the petition are not taken as true, but require proof.   Jackson v. Culbert, 66 Pac. 741; Vermillion v. Englehardt, 110 N. W. 736.

Referring to the sixth objection:   It was incumbent upon relators to allege and prove that the proposed indebtedness was within the statutory limit.

*Charles M. Stevens* and *G. N. Williamson,* for Respondents.

Under the record properly before this court, and even under the record presented in defendant's brief, he is not in a position to raise any question under his first specification of error.   All objections to the alternative writ, under our statute, must be by answer, and not by a demurrer, or objections on motions.

Section 768 of the Revised Code of Civil Pro. provides that the party on whom the writ, or notice, has been served, shall show cause by answer under oath, made in the same manner as an answer to a complaint in a civil action.   In this respect our Code

differs from that of many of the other states. When, therefore, the defendant did not raise any objections to the sufficiency of the writ by his answer, he is not in a position to avail himself of any imperfection in that respect at any stage of the proceedings. See, State v. Menzie, 17 S. D. 535, 97 N. W. 745.

However, the action was properly brought in the name of the state by the relators, inasmuch as it pertains to a matter of public interest, and not simply a private concern. State v. Lien, 7 S. D. 297, 68 N. W. 748, and cases; State v. Menzie, 17 S. D. 535, 97 N. W. 745; State v. Carey, 2 N. D. 36, 49 N. W. 164; 26 Cyc. 396, and cases in notes.

As members of the board of education of the district, a duty rested upon the relators to carry out the will of the electors, and as the refusal of the defendant to countersign the bonds thwarted their efforts to do so, they were entitled to maintain the action as parties in interest. 26 Cyc. 395; Cooperrider v. State, 46 Neb. 84, 64 N. W. 372.

The provision of section 177, chapter 135 of the Laws 1907, is not applicable to this proceeding. Under our law, the remedy by mandamus is a special proceeding, and not a civil action. State v. Carey, 2 N. D. 36, 49 N. W. 164.

Moreover, it is indicated as a special proceeding of a civil nature in our Code. Part 3, Chaper 34, Revised Code of Civil Procedure, page 988.

The position of defendant's counsel with respect to the imperfection of the notice of election as alleged in the writ is clearly untenable.

Section 195 of chapter 135, as found on page 267 of the Session Laws of 1907, provides that the proclamation of the election shall name "the amount of bonds asked for, and the purpose for which they are to be used," and does not require that it state the date of the maturity of the bonds, or the rate of interest which they are to bear. In this connection, it will be noted that the original affidavit which is made a part of the writ, alleges that in the notice and proclamation of the election, "there was set forth the amount of said bonds proposed to be issued and asked for, and the purpose for which the same were to be used," and thus fully complied with the statute. Fol. 6, page 3, of appellant's brief.

Defendant claims that the corporate existence of the school district was put in issue by his general denial and by his specific denial contained in the last paragraph of his answer. This position is clearly untenable.

Under the rules of pleading, the general denial would have no force and effect in view of the attempted specific denial, to which allusion is made. In other words, his contention must rest solely upon the denial of the school district's corporate existence upon information and belief.

The action would be governed by the rules of pleading applicable to an answer in an action at law. 26 Cyc. 448-449, notes 76 and 77 and cases; State v. Baushausen, 49 Neb. 358, 68 N. W. 950; State v. Kellogg, 95 Wis. 672, 70 N. W. 300.

In view of the provisions of our statute, the denial of the corporate existence of a school district upon information and belief does not put that question in issue. Rev. Civ. Code, Sec. 414; Board of Education v. Prior, 11 S. D. 292, 77 N. W. 106.

Even taking the record as presented in defendant's brief, the court was clearly right in entering judgment upon the writ and answer. It is true that according to section 773 of the Code of Civil Procedure, if no answer be made, the case must be heard upon the papers of the applicant, but this section also further provides that if the answer raises only questions of law, or puts in issue only immaterial statements not affecting the substantial rights of the parties, the court must proceed to hear, or fix a day for hearing, the argument of the case. The language of this section clearly implies that where the answer does not state a defense to the writ, the question of law raised thereby should be determined upon the argument of the case, and the Supreme Court of this state has, in effect, so held. Howard v. Huron, 5 S. D. 539, 59 N. W. 833.

The provisions of the California Code are not like ours, but even under their Code it has been held that it is a sufficient hearing where a verified complaint was filed, and no answer having been served, the court heard the matter upon the complaint, and ordered the writ to issue. Pereriah v. Wallace, 129 Cal. 397; 62 Pac. 61.

The claim that it was incumbent upon the relators to allege and prove that the proposed indebtedness was within the statutory or constitutional limit, is without merit. If the proposed issue exceeded either the statutory or constitutional limit of indebtedness, it was a matter of defense, and should have been set up in the answer.

CORSON, J. This is an appeal by the defendant from a judgment entered in a mandamus proceeding against the defendant as treasurer of the independent school district of the town of Claremont, of the counties of Brown and Marshall. The affidavit of the relators is very lengthy, and we shall only attempt to give a synopsis of the same in this opinion.

It is stated in substance in the affidavit for the peremptory writ of mandamus that the plaintiffs are the duly qualified and acting board of education of the independent school district of the town of Claremont; that the said independent school district is a corporation and one of the political subdivisions of this state; that at a meeting of said board of education duly and regularly called and held in said district on the 27th day of March, 1912, at which all the members of said board were present, a resolution was duly passed by said board that it had become necessary in order to raise sufficient funds to erect a suitable school building for said district to borrow the sum of $9,500 by issuing and selling the bonds of said district for that amount; and that the president of the board of trustees be requested to call an election of the electors of said school district on the 9th day of April, 1912, for the purpose of taking the sense of the voters of said district upon the question of issuing bonds; that thereafter the said board of education duly requested the president of the board of trustees to call an election of the electors upon that day for the purpose set forth in the resolution aforesaid, and in pursuance thereof the president of said board of trustees duly issued a proclamation and notice of holding of said election, and in and by the terms of said notice and proclamation by said president there was set forth the amount of said bonds propsed to be issued and asked for, and the purpose for which the same were to be used; that said proclamation and notice was duly published and posted as required by law; that pursuant to said notice and procla-

mation an election of the electors of said school district was duly held on the 9th day of April, 1912, and at said election a majority of the votes were cast in favor of issuing said bonds; that at a meeting of said board of education it passed a resolution that there be and was levied annually upon the taxable property of said school district for the said year of 1912, and each succeeding year thereafter for 20 successive years, an amount necessary to pay the interest on said bonds and to create a sinking fund to pay off the same at maturity; that on the 16th day of May, 1912, at a meeting duly called by said board, at which all the members of the board were present and acting, a resolution was passed by said board that the bonds of said independent school district in the amount aforesaid, and on the terms and conditions specified in the resolutions hereinbefore set forth, be executed by the president of said board of education, attested by the clerk thereof, and countersigned by the treasurer of said board; that said bonds, complying in all respects with said resolution hereinbefore set forth, have been duly prepared, executed, and signed by the president of said board and by the clerk thereof; that the defendant, C. A. Olson, is the treasurer of said board, and as such treasurer has been requested to countersign said bonds, but he had failed and refused to countersign the same, although it was his duty so to do as treasurer of said board of education, and by reason thereof said board of education is unable to consummate the sale of said bonds and to secure the money to be raised for the purpose hereinbefore set forth; that the relators herein have no other plain, adequate, or speedy remedy, and that they make this affidavit for the purpose of obtaining from the court its writ of mandamus commanding the said C. A. Olsen to countersign said bonds as the treasurer of said board of eduucation or to show cause before this court why he should not do the same. The affidavit is signed by four of the five members of the board of education and verified.

Upon the day named in the alternative writ, the defendant appeared and filed an answer in which he denied the allegations contained in the affidavit or complaint not thereinafter specifically admitted. He then admitted the material allegations of the affidavit as to proceedings taken by the board and the electors of the school district. The defendant for further answer alleged that a suit was instituted by parties named to detach certain portions of

said independent school district and attach the same to Claremont School District No. 10; that a decision was made adverse to the applicants; and that an appeal has been taken to the circuit court from the decision so made, and that the same is still pending in the circuit court. No point is made in the argument by either party in the briefs of counsel as to this alleged defense, and it will not be necessary, therefore, to further consider it in this opinion. The defendant as a further defense alleges that no notice for the sale of said bonds was ever published or given; that, if the said school district and its said officers had published a notice calling for bids, the said bonds would have sold for a far higher price than that for which they were sold to the said Bank of Groton as in plaintiffs' complaint alleged; that the proposed sale of said bonds to said Bank of Groton was not made in good faith and after due notice to investors in corporate securities. The defendant further alleges that he has no knowledge or information that the independent school district of the town of Claremont is a corporation, sufficient to form a belief, and therefore denies the same and remits the plaintiffs to proof thereof.

It is further stated in the record of the case that upon return day plaintiffs and respondents made the following motion, to-wit: "The relator moves the court for a judgment upon the (alternative) writ of mandamus and the answer of the defendants herein, and asks the court to issue its peremptory writ as prayed for, notwithstanding the answer, on the ground that the answer does not state facts sufficient to constitute any defense to the facts set forth in the said writ." Defendant thereupon moved the court to quash the alternative writ on the grounds, in substance, that it does not state facts sufficient to constitute a cause of action in that the action is not instituted in the name of the real party in interest; that it fails to set forth conditions authorizing the issuance of bonds of an independent school district; that it fails to show that such preliminary proceedings have been taken in the manner of voting, offering for sale, and effecting the sale of the bonds of an independent school district; that the notice claimed to have been given of the alleged election was insufficient under the law and fails to contain the necessary statements and requirements provided by law; and that there are no sufficient allegations to show that the alleged bonds could be legally issued and made a charge

upon the property of said district.   The court denied the defendant's motion to quash the writ and granted the relator's motion, and entered judgment in favor of the relators.   Thereupon a peremptory writ was issued on said judgment, from which this appeal was taken.

[1] The contention of the appellant that the plaintiffs show no right to maintain this action as they do not show that any of the plaintiffs have any interest in said action, nor does it appear that any one of these parties is personally interested in the suit either as a taxpayer or a citizen, and that the action should be instituted in the name of the school district as a corporation, is not tenable.

[2] It is contended by the respondent that the appellant is not in a position to raise any question under these specifications for the reason that all objections to an alternative writ must be by answer and not by demurrer or by objections on motions, and calls our attention to section 768 of the Revised Code of Civil Procedure which provides that the party on whom the writ or notice has been served shall show cause by answer under oath, made in the same manner as an answer to a complaint in a civil action.   We cannot agree with the counsel for the respondent in their contention.   A motion to quash a writ, which is in the nature of a demurrer, is always proper on the part of the defendant when he claims that the complaint or affidavit does not state facts sufficient to authorize the court to enter a judgment upon the same, as a party cannot be required to answer the complaint or affidavit where its sufficiency is challenged until its sufficiency is determined by the court. The requirement that an answer to the complaint must be under oath and made on the return day evidently presupposes a  complaint or affidavit stating sufficient facts and made by the proper parties.

But in the case at bar it will be observed that the defendant had interposed an answer under oath as required by the Code. We are of the opinion that, notwithstanding the fact that he had filed an answer in compliance with the provisions of the Code relating to mandamus proceedings, he still retained the right to move to quash the alternative writ on the ground that it did not state facts sufficient to entitle the relators to a peremptory writ. We are of the opinion, also, that the action was instituted by the

proper parties for the reason that the relators constituted the board of education and as such were authorized to institute the action for the reason that the act of the defendant in refusing to countersign the bonds prevented the said board from carrying into effect the duties devolving upon them as such board under the proceedings which have been taken by the board and electors for the issuance of said bonds. In the article on mandamus in volume 13, Enc. of Pd. & Pr., on page 627, the law is thus stated: "Public officers, or boards of officers, are proper relators in a mandamus proceeding to enforce the performance of acts falling within their supervision, or which are necessary conditions precedent to the performance of their own duties"—citing a large number of cases. To the same effect is 26 Cyc. 399. The case at bar clearly comes within the law as above stated.

[3] It is further contended by the appellant that the school district failed to comply with the statutes relating to the manner of submitting to the voters the question of bonding the district, but there is clearly no merit in this contention. By section 195, c. 135, Laws of 1907, it is provided that "in the proclamation of such election the amount of bonds issued and the purpose for which they are to be used" must be stated. In the affidavit it is stated that "the president of said board of trustees of the town of Claremont duly issued his proclamation and notice of holding said election, * * * and in and by the terms of said notice and proclamation by said president there was set forth the amount of said bonds proposed to be issued, and asked for, and the purpose for which the same were to be used." It will thus be seen that the notice published strictly complied with the provisions of the state statute.

[4] The contention of the appellant that the court erred in granting the motion of the respondent without taking evidence in the case is not tenable. The plaintiffs in their affidavit set out facts very fully as to the various proceedings taken by the board and by the electors, and all the material allegations in the complaint were specifically admitted by the defendant in his answer; and assuming that these allegations of the complaint were sufficient to entitle the plaintiffs to the peremptory writ, and that the defendants did not state facts sufficient to constitute a defense, there were no facts to be tried by the court, and hence the court

properly determined the case upon the pleadings as a question of law.

[5] As to the contention of the appellant that the alternative writ fails to set forth the conditions authorizing the issuance of bonds in that there is no allegation showing that the amount of the proposed bonds is within the statutory limit, it is only necessary to say that these allegations were entirely unnecessary to constitute a part of the plaintiff's complaint. If the amount of the bonds was in fact in excess of the constitutional limitation, the burden would be upon the defendant to show that fact, as it would be a matter of defense to be affirmatively made on the part of the defendant.

[6, 7] It is further contended that there were questions of fact to be tried by the court under the denial in the answer that the independent school district of Claremont was a corporation. This contention is clearly untenable. In our opinion the return was wholly insufficient to raise any issue as to the corporate existence of the school district for the reason that the corporate existence of any domestic corporation should always be expressly denied, and a denial upon information and belief as to the corporate existence of a domestic corporation, either public or private, is insufficient. 3 Enc. of L. & P. 1293-1295. The allegation found in the return is conclusive against the appellant upon its face. The appellant alleges "that this defendant has no knowledge or information that the independent school district of the town of Claremont, in the counties of Brown and Marshall, in the state of South Dakota, is a corporation, sufficient to form a belief, and therefore denies the same and remits plaintiffs to proof thereof." As will be seen, the defendant alleges that the territory in question comprises "the independent school district," etc. An independent school district is a corporation under the provisions of the laws of this state, and therefore the allegation that it is an independent school district overcomes any allegation, however direct it may be, that such district is not a corporation.

The judgment of the circuit court directing the issuing of a peremptory writ is affirmed.