MITCHELL NATIONAL BANK, Respondent, v. JONES, State Auditor, Appellant.

(223 N. W. 54.)

(File No. 6453. Opinion filed January 15, 1929.)

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* of Pierre, for Appellant.

*Miller & Shandorf,* of Mitchell, for Respondent.

BROWN, J. Highway Supply Company of Mitchell furnished supplies to the state highway commission to the amount of $837.51, the account for which, less 15 per cent discount, making a net sum of $711.88, was approved and allowed by the purchasing agent and also by the highway commission, and a voucher for the amount was issued by the highway commission to the supply company. On January 26, 1925, the supply company made its promissory note to Mitchell National Bank for $325, with interest at 8 per cent, due on demand, and as security therefor assigned to the bank its account against the state for the supplies above referred to, and also gave to the bank an order, addressed to the state highway commission, directing the payment of the sum due for said goods to the Mitchell National Bank, and delivered to the bank the voucher issued by the highway commission. Before the commencement of this proceeding the plaintiff presented the voucher to the state auditor and demanded a warrant for the amount, but the auditor, although there are sufficient funds on hand for payment thereof, refuses to issue a warrant.

On application of plaintiff an alternative writ of mandamus was issued by the circuit court of Davison county, directed to defendant as state auditor, requiring him to issue a warrant to plaintiff for the sum of $711.88, or show cause why that should not be done. On the return day defendant moved to quash the writ, and from an order denying the motion defendant appeals.

The motion to quash the alternative writ is analogous to a demurrer to a complaint in an action. State v. Olson, 30 S. D. 460, 139 N. W. 109; also, opinion of this court, per Campbell, P. J., on a former appeal in the present case, in 212 N. W. 919, where the question is carefully and fully considered.

The motion is made upon several grounds, only one of which we need to consider. The affidavit fails to show that the account has been submitted to the auditor for audit and adjustment, and appellant contends that it is fatally defective in this respect: That the approval of the purchasing agent and of the highway commission is not a final audit and adjustment of the account, and that the state auditor cannot be compelled, nor is he authorized by law, to issue a warrant on an account that has not been submitted to him for audit and adjustment, even though it may have been approved and allowed by the purchasing agent and the highway commission.

Respondent, on the other hand, contends that the approval of the purchasing agent and of the highway commission is final; that the auditor has no further duty to perform than to issue a warrant pursuant to the voucher issued by the highway commission; and that to permit the auditor to have any thing to say as to bills that have been allowed by the highway commission would unnecessarily impair the efficiency and interfere with the work of the highway commission.

We think appellant's contention must be sustained. We have been directed to no provision of the law, and we know of none, making approval of a claim by the purchasing agent or approval by the highway commission final and conclusive upon the auditor, and in the absence of any such provision we think the duty devolves upon the auditor to examine and allow or reject an account for supplies purchased by the highway department.

The commissioner of hail insurance is authorized to adjust the amount of hail losses, and, when his voucher to the state auditor

for the amount at which he has adjusted a loss is presented, the auditor is required to issue a warrant therefor. Laws of 1921, c. 265, § 23. But we know of no such provision relating to the state highway commission, and in the absence of any constitutional or statutory provision indicating that a claim against the state is liquidated, or finally adjusted, without the necessity of the state auditor passing thereon, such claim must be presented to, and approved by, the state auditor before he can be required to issue a warrant therefor. Rev. Code, § 5342; Sawyer v. Mayhew, 10 S. D. 18, 71 N. W. 141.

■ We think the account of Highway Supply Company, although approved by the purchasing agent and highway commission, must be presented for adjustment to the state auditor, and, if he should refuse to allow the same, plaintiff's remedy is not by mandamus, but by action against the state, under the provisions of Rev. Code, § 2109.

The order appealed from is reversed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.