# THE STATE ex inf. FOLK v. TALTY et al.

### Division Two,　February 4, 1902.

1. **Prohibition:** WHEN PROPER REMEDY.　Prohibition is the proper remedy to prevent a court from assuming a jurisdiction it has not, or exceeding a jurisdiction it has.

2. **Quo Warranto:** DISCRETION: POWER OF COURT TO ORDER.　The circuit court has no authority to order a circuit or prosecuting attorney to file information in the nature of a quo warranto to oust one who is charged to have usurped an office. The discretion is lodged with the Attorney-General, or the circuit or prosecuting attorney of the district or county as the case may be, to bring or not to bring such ouster proceeding, and no court, on the petition of a private person, can compel him to exercise that discretion in a certain way.

3. ———: ———: MANDATORY STATUTE.　The statute (sec. 4457, R. S. 1899) which says that where any person has usurped or unlawfully holds on office, such attorney "shall exhibit" to the court "an information in the nature of a quo warranto," etc., is not mandatory. The cardinal rule of statutory construction is that "the intention of an act will prevail over the literal sense of the terms used," and to take from the attorney his discretion in such matters would be to make the writ subject to the caprice of the person demanding it, and the officer a mere figurehead.

4. **Mandamus:** OFFICER'S ABUSE OF DISCRETION: CASES STATED: JURISDICTION.　Mandamus may be used to correct the abuse by an officer of his discretionary powers only where it clearly appears that he is not in the discharge of his duty in refusing to exercise his discretion at all, or is acting in utter disregard of the rights of others. And in this case, where a municipal council of a city, which by its charter is made "sole judge of the qualification, election and return of its own members," had declared that the person at whose petition the writ in the nature of a quo warranto is desired was not the legally elected member of the council, although the election returns showed he had a few more votes than his opponent, who was by the council given the seat, it is held there was no such abuse of his official discretion by the attorney in refusing to exhibit such information as au-

Vol 166 mo—34

thorized the circuit court to order him to do so, and that the circuit court had no jurisdiction to make such order, and therefore that court is prohibited from further proceeding in the matter.

## Prohibition.

RULE MADE ABSOLUTE.

*Edward C. Crow,* Attorney-General, for informant.

(1)    In 46 Mo. 529, the Supreme Court decided that an information in the nature of a quo warranto under the statute must show affirmatively that the relator has a title to the office if the defendant's title be defective, and therefore must show that the relator possessed all the requisite qualifications for the office.    The petitioner, Buechner, did not state in the petition for a mandamus that he had taken the oath as prescribed by section 6 of article 3 of the charter of the city of St. Louis, Missouri, before the register and filed the same in his office, stating that he possessed all the qualifications required in this and the preceding section, and was not subject to any of the disqualifications therein named.    It has been held in Missouri that a mere allegation in a quo warranto proceeding that a certain person was elected amounts to nothing, and a denial of that allegation makes no issue.    56 Mo. 112. Facts, and not conclusions of law, must be distinctly stated. 79 Mo. 272.    The mere fact that the petitioner, Buechner, alleges in his petition that he received the highest number of votes and that he received a certificate of election gives him no right and title to the office unless he qualifies by taking the oath of office prescribed by section 6 of article 3 of the charter of the city of St. Louis.    The failure to take the prescribed oath is legally deemed a refusal of the office.    State ex rel. v. McCann, 88 Mo. 381; 91 Mo. 451; State ex rel. v. Phillips, 30 Fla. 589.    The rule is that an alternative writ of mandamus must aver all the facts necessary to give the petitioner

the right which he claims to justify the order sought. 36 Ala. 252; 22 Ohio St. 371; Merrill on Mandamus, secs. 255, 256; 93 Ill. 180.   (2)   The determination of the question of jurisdiction depends upon whether the circuit court was entirely wanting in jurisdiction to grant said writ of mandamus on the showing made in the petition therefor, or whether, granting it had jurisdiction in that class of cases, it has not exceeded its jurisdiction.    State ex rel. v. Wood, 155 Mo. 445. Whether the circuit court was without jurisdiction altogether, or, having jurisdiction of the class of cases in which the mandamus was sought, it exceeded its jurisdiction, is only ascertainable in this case by the averments in the bill filed in that court, and the order made thereon.    A petition for a mandamus in this case must aver traversable facts sufficient to constitute a good information in the nature of a quo warranto proceeding under the statute.    The statement of such essential facts is jurisdiction.    State ex rel. v. Wood, 155 Mo. 447; State ex rel. v. Boal, 46 Mo. 529; 30 Fla. 589; Merrill on Mandamus, sec. 56; Supervisor of Culpepper v. Gorrell, 20 Gratt. (Va.) 484; High's Ext. Leg. Rem., sec. 709; Spelling on Ext. Rem. (2 Ed.), sec. 1625, p. 424; People v. Railroad, 42 Fed. 638; 156 Mass. 403; 64 Hun 408; 149 U. S. 192. (3)   The Circuit Attorney has a discretion to exercise as to filing quo warranto proceedings under the statute.    2 Johns. 184; 22 Barb. 116; R. S. New York, 1830, p. 581; R. S. 1835, p. 523; R. S. 1845, 1855, 1865; Laws 1872, pp. 66 and 67.    (4)   No private individual at common law had a right to use the name of the Attorney-General or the circuit attorney for the purpose of suing out a writ of quo warranto. 163 Mass. 448; 22 Barb. 116; Rex v. Sargeant, 5 T. R. P. 467; State ex rel. v. Stewart, 32 Mo. 382.    When a person intrudes into an office it is the right of the State as sovereign to remove him.    Individuals have no such rights.    This is still the law, although officers are elected and not appointed. Hence, the State has a right to decide whether it will or will

not remove the intruder. The right to make that decision must be vested in some one. It has been vested in the Attorney-General. The discretion of the Attorney-General will not be reviewed by the court in an application to compel the Attorney-General to institute quo warranto proceedings. 8 Hun (N. Y.), 335; 67 N. Y. 336; Endlich on Int. of Statutes, secs. 378, 380, 381; Law Rep. Chan. Div. 30; 4 D. Ad. 78; 7 Barb. 191; Taylor v. Delancy, 2 Caines' Cases in Error, 151. Where the law antecedently to the revision was settled either by clear expressions in the statutes, or adjudications on them, the mere change of phraseology shall not be deemed or construed a change of the law unless such phraseology evidently purports an intention in the Legislature to work a change. Taylor v. Delancy, 2 Caines' Cases in Error 150; Douglas v. Douglas,, 5 Hun (N. Y.) 145; Burnham v. Stevens, 33 N. H. 256; Conyer v. Barker, Arbitrator, 11 Ohio St. 13; 1 Metc. (Ky.) 624; 6 Tex. 35. The Supreme Court of this State has decided in construing the quo warranto act of our State that it is of a like nature with the same proceeding at common law, and that our quo warranto proceedings are controlled by the common law. 129 Mo. 435; State ex rel. v. Westport, 116 Mo. 582; State ex rel. v. McMillan, 108 Mo. 153. That the primary and fundamental question in a proceeding by quo warranto is whether the defendant is legally entitled to hold the office and not as to the rights of any other person who may claim it. State ex rel. v. Rose, 84 Mo. 198; State ex rel. v. Townley, 56 Mo. 113. From which it appears that the proceeding under our statute is of a like nature with the same proceeding at common law. It is not primarily a proceeding between individuals to try the right as between them to the possession of an office, although such right may be incidentally decided therein, but an inquiry by the State or one of her citizens by what right he holds or executes an office, in which his title to the office which he claims is tried. At common law, it was the right of the

Attorney-General of England to exercise his discretion with reference to filing an information in the nature of a quo warranto proceeding. State v. Ins. Co., 8 Mo. 240; High on Extraordinary Legal Remedies, sec. 45; 17 Enc. of Pleading and Practice, p. 428; 19 Enc. of Law (2 Ed.), p. 781; People v. Fairchild, 67 N. Y. 234; Everding v. McGinn, 23 Ore. 15; People v. Attorney-General, 22 Barb. (N. Y.) 114; 14 Fla. 256. (5) In construing this statute the court must presume that the Legislature was informed of the previous legislation and knew that this had always been considered a public prosecution. This is a statutory rule of construction. Sutherland on Statutory Construction, sec. 33; 54 Pa. St. 182; 70 Pa. St. 344; 14 Barb. 531; 20 Bevan, 278; 18 Atl. Rep. 297; Sutherland on Statutory Construction, secs. 333, 139, 140 and 400. This court must also indulge the presumption in construing the law of 1872 as amending the former statute, that the Legislature did not intend to amend the statute in any manner other than that expressly set out. 13 N. J. Eq. 420; Hawson v. Young, 9 Ga. 359; United States v. Green, 4 Mason, 427; 4 Mass. 522; Cole v. White County, 32 Ark. 425; Jones v. Tathan, 20 Pa. St. 398; Green v. United States, 9 Wall. 655. The law is that no public rights can be taken away by mere inference or legal construction. 13 N. J. Ch. 425. Statutes which strip a government of any portion of its prerogatives should receive a strict construction. 22 Pa. St. 496; 98 Pa. St. 54; 66 Pa. St. 84; 2 W. Va. 441; 22 Barb. 117. Mandamus to compel the Attorney-General, or district or prosecuting attorney to institute and prosecute legal proceedings has generally been refused either upon the ground that the matter was discretionary with the officer, or because of the impossibility of compelling him to prosecute it properly to a final determination. 19 Enc. of Law (2 Ed.), p. 781; Boyne v. Ryan, 100 Cal. 265; Yates v. Attorney-General, 41 Mich. 728; People v. Attorney-General, 22 Barb. (N. Y.) 114; People v. Fairchild, 67 N. Y. 334; Everding

v. McGinn, 23 Ore. 15; Coon v. Attorney-General, 42 Mich. 65. This doctrine has been applied to proceedings to try the title to an office. 22 Barb. 114; 23 Ore. 15. This doctrine has been applied to suits to recover public money unlawfully paid out. Boyne v. Ryan, supra. And the same principle to suits for the forfeiture of the charter of a corporation. State v. Attorney-General, 30 La. Ann. 954. The right to institute a quo warranto proceeding is a matter in the discretion of the Attorney-General. 14 Fla. 256; 2 Spelling on Extraordinary Remedies (2 Ed.), p. 1196, sec. 1384. While the general proposition is true that mandamus can not be employed to control the exercise of discretion, yet it is often used to correct abuse of discretion when it has been made to clearly appear that the officer refusing to do the act is either not exercising his discretion at all, or has willfully chosen to act in manifest disregard of duty and the legal rights of individuals. In other words, an officer can not, in these matters, act merely in a capricious and arbitrary manner. 2 Spelling on Extraordinary Remedies (2 Ed.), p. 1196, sec. 1384; 79 Mich. 384; 81 Cal. 542; 41 Mo. 226.

*C. W. Rutledge* for respondents.

(1) The House of Delegates, in installing Mr. Buechner in the office at its organization, exhausted whatever authority it may have had under article 3, section 8, of the charter, and could not thereafter open the matter up for further consideration. Kendall v. Cambden, 47 N. J. L. 64; Hadley v. Mayor, 33 N. Y. 603; Morgan v. Quackenbush, 22 Barb. 72; State ex rel. v. John, 81 Mo. 17; State ex rel. v. Giovanoni, 59 Mo. App. 41 (overruled by the Vogel case, 83 Mo. App. 657); Aldermen v. Darrow, 13 Colo. 460. (2) Relator's construction of article 3, section 8, of the charter, which says "each house shall be sole judge of the qualifications, elections and returns of its own members," is,

that courts are thereby excluded from jurisdiction of any judicial question involving a membership of the House of Delegates, whether contests of elections or otherwise. The Constitution authorizing the promulgation of the charter by the people of St. Louis (and not the Legislature of the State), provides that "such charter shall always be in harmony with and subject to the Constitution and laws of Missouri." Art. 9, secs. 20 and 23; State ex rel. v. Sutton, 3 Mo. App. 388. (3) Article 3, State Constitution, separates the powers of the government into three branches, and prohibits each from infringing on either of the other's powers. State ex rel. v. Adams, 44 Mo. 587. (4) Article 6, section 1, of the State Constitution, vests the judicial powers in the various courts of law, except in the Constitution otherwise provided. To give the charter provision the construction claimed by relator would be to take away jurisdiction conferred by the Constitution, by mere negative words. Ex parte Heath, 3 Hill's Rep. [N. Y.] 42. (5) The charter did not emanate from the State Legislature. Authorities upholding judicial powers in municipal councils, under the same provision as contained in the charter, are based on the constitutional authority of legislatures of those States to confer such judicial powers. State ex rel. v. Berry, 24 N. E. 266; Dillon on Mun. Corp. (4 Ed.), secs. 200, 202 and 204; People v. Metzker, 47 Cal. 525; Linegar v. Rittenhouse, 94 Ill. 208; Kendall v. Cambden, 47 N. J. L. 64; Morgan v. Quackenbush, 22 Barb. 72; Keating v. Stack, 116 Ill. 191. (6) The trial and determination of contested elections of all municipal officers shall be by the courts of law, and the House of Delegates could not try and determine an election contest of one of its members. The Constitution makes this provision. Art. 8, sec. 9; State ex rel. v. John, 81 Mo. supra; State ex rel. v. Slover, 126 Mo. 656. (7) The circuit court shall have jurisdiction in cases of contested elections for municipal offices. Mr. Buckley should have filed his contest in the circuit court, instead

of the House of Delegates. R. S. 1899, sec. 7029. (8) The power to determine what members of the Municipal Assembly received the most votes, according to the returns from their respective districts, and to issue the certificates of election to those entitled thereto, is conferred by the Legislature on the Board of Election Commissioners for the city of St. Louis. All the House could do in that respect was to inspect the certificate of election. R. S. 1899, sec. 7258. (9) The certificate of election is prima facie written title to office, and so remains until regularly set aside by courts of law. R. S. 1899, sec. 7030; State ex rel. v. Mason, 77 Mo. 189; State ex rel. v. Steers, 44 Mo. 223; People v. Thatcher, 55 N. Y. 525; McCrary on Elections (4 Ed.), sec. 466 a, p. 342. (10) An election contest is defined to be where the contestant seeks not only to oust the intruder, but to have himself inducted into the office. Quo warranto, on the contrary, deals mainly with the right or title of the incumbent to the office, independent of the question who shall fill it. A quo warranto proceeding is not an election contest. State ex rel. v. Francis, 88 Mo. 557; State ex rel. v. Meek, 129 Mo. 431; Taafe v. Ryan, 25 Mo. App. 563; State ex rel. v. Townsley, 56 Mo. 112; Peop. ex rel. v. Londoner, 22 Pac. 764. (11) If the House of Delegates has jurisdiction of judicial questions respecting the qualifications, elections and returns of its members, that jurisdiction is subject to the supervisory control of the courts. Constitution, art. 6, sec. 23; Kendall v. Cambden, 47 N. J. L. 64; Ex parte Heath, 3 Hill's Rep. (N. Y.) 42; Aldermen of Denver v. Darrow, 13 Colo. 460; State ex rel. v. Fitzgerald, 44 Mo. 425; State ex rel. v. Giovanoni, 59 Mo. App. 41 (overruled by Vogel case, 83 Mo. App. 657). (12) The circuit court has jurisdiction in all cases, under the quo warranto statute, to determine whether or not a public officer is an usurper of his office. R. S. 1899, sec. 4457; State ex rel. v. Fitzgerald, 44 Mo. 425. (13) If there is any doubt as to a court's jurisdiction, that doubt should be resolved in sup-

port of the jurisdiction, in accordance with the maxim that remedies should be amplified in the advancement of substantial justice.   State ex rel. v. Fitzgerald, 44 Mo. 425; State ex rel. v. Slover, 134 Mo. 31.   (14) In case any person usurps, intrudes into or unlawfully holds or executes any office or franchise, the circuit attorney shall exhibit to the circuit court, or other court having concurrent jurisdiction, an information in the nature of a quo warranto, at the relation of any interested person desiring to prosecute the same.   This statute applies to all offices, and the circuit attorney will be compelled by mandamus to exhibit such an information.   R. S. 1899, sec. 4457; Lamoreaux v. Ellis, Att'y-Gen., 50 N. W. 812; Fuller v. Ellis, Att'y-Gen., 98 Mich. 96; Fuller v. Parsell, 99 Mich. 381; State ex rel. v. Withers, 28 S. E. 522; In re Bank Mt. Pleasant, 5 Ohio 249; Att'y-Gen. ex rel. v. Rogers, 28 Atl. 726.   (15) There are two independent classes of quo warranto proceedings—one by the State, at relation of its attorney, acting ex-officio; the other by the State, upon information of its attorney, at relation of any private person desiring to prosecute the same.   Hunter v. Chandler, 45 Mo. 452; State ex rel. v. McSpaden, 137 Mo. 628.   (16)   (a) The history of the writ of quo warranto shows that it was formerly a criminal proceeding.   State ex rel. v. Lingo, 26 Mo. 496; State ex rel. v. Lawrence, 38 Mo. 535; State ex rel. v. Kupferle, 44 Mo. 154; State ex rel. Norton v. Lupton, 64 Mo. 415.   (b) Where filed by the circuit attorney, ex-officio, in behalf of the State, it is still considered a proceeding of a criminal nature.   State ex rel. v. Lawrence, supra; State ex rel. v. McMillan, 108 Mo. 157.   (c) The State's Attorney, in such case, can file the information without leave of court.   It is a writ of right for the State.   State v. Ins. Co., 8 Mo. 330; State ex rel. v. McMillan, 108 Mo. 153; State ex rel. v. Vail, 53 Mo. 97; State ex rel. v. McSpaden, supra; Hunter v. Chandler, supra.   (d) Where the information is exhibited by the State's Attorney, at the relation of a private person, it is a civil proceeding, and held

to be a proceeding to try a matter of private right between two persons claiming the same office. Leave of court must be obtained before the information can be filed. State ex rel. v. Lawrence, 38 Mo. 538; State ex rel. v. Lingo, supra; State ex rel. v. Kupferle, 44 Mo. 157; State ex rel. v. Vail, supra; State ex rel. v. Rose, 84 Mo. 202; State ex rel. v. Boal, 46 Mo. 531; Am. & Eng. Ency. of Law, page 665, title Quo Warranto. (e) The information is not granted as of course, but depends on the sound discretion of the court. State ex rel v. Stewart, 32 Mo. 382; People ex rel. v. Railroad, 88 Ill. 537. (f) The relator has confounded the two classes of quo warranto proceedings, and erroneously treats them both as coming equally under the same legal principles without distinction as to who is the moving party in the case. (17) The word "shall," used in a statute, when referring to a power given to public officers, and which concerns the public interest, and legal rights of third persons, means the act it refers to must be done at the request of the interested third persons. The use of the word "shall" creates an imperative duty. State ex rel v. King, 136 Mo. 318; Spaulding v. Suss, 4 Mo. App. 551; Steiner v. Franklin Co. Court, 48 Mo. 178; State ex rel. v. Laughlin, 73 Mo. 449; Railroad v. County Court, 42 Mo. 175; Ellison v. Ralston, 19 Mo. App. 541; Foster v. Wulfing, 20 Mo. App. 91. (18) If a circuit attorney has an official discretion in quo warranto proceedings, at the relation of a private person, it could only occur where there is a question as to the existence of facts showing the usurpation. Where the undisputed facts show that the usurpation exists, his duty becomes ministerial, and it may be enforced by mandamus. Merrill on Mandamus (1892), sec. 44, p. 47, and sec. 48, p. 52; State ex rel. v. Lafayette Co. Court, 41 Mo. 226; Marcum v. Ballot Commissioners, 26 S. E. 281; State ex rel. v. Vail, 53 Mo. 113. (19) Erroneous decisions, by discretionary officers, as to questions preliminary to the main action, and the question is purely one of law, may be reviewed by the writ of mandamus. Merrill

on Mandamus (1892), sec. 48, p. 52; Castello v. St. Louis Circuit Court, 28 Mo. 274. (20) Where an officer, charged with a discretion, has been influenced by bad faith, partiality, prejudice, passion, adverse interest, etc., in exercising his discretion, his conclusion will be reviewed by the writ of mandamus. Merrill on Mandamus (1892), sec. 40, p. 41; State ex rel. v. Lafayette Co. Court, 41 Mo. 226; Lamoreaux v. Ellis, Att'y-Gen., 50 N. W. 812. (21) Quo warranto to oust an intruder is necessary before the rightful claimant can take the office, or compel his restoration by mandamus. Merrill on Mandamus (1892), sec. 143; County Court v. Sparks, 10 Mo. 117. (22) The general rule is that a motion to dismiss for want of jurisdiction, or some plea questioning the jurisdiction, must be made in the inferior court, and that motion or plea decided adversely to the complainant, before the superior court will entertain an application for a writ of prohibition. The petition must show this. 2 Spelling on Inj. and Ext. Rem. (2 Ed.), sec. 1731, p. 1490; sec. 1748, p. 1505; sec. 1751, p. 1508; High on Extr. Leg. Rem. (3 Ed.), sec. 773, p. 722; State ex rel. v. Gottschalk, 3 Mo. App. 111; State ex rel. v. Laughlin, 9 Mo. App. 486; Ex parte Williams, 4 Ark. 539. (23) In prohibition, an affirmative return is unnecessary to show jurisdiction, if the record is before the court. Spelling on Inj. and Ext. Rem. (2 Ed.), sec. 1754.

BURGESS, J.—On June 18, 1901, Joseph W. Folk was circuit attorney within and for the city of St. Louis, and Thomas J. Buckley was a member of the House of Delegates from the Twenty-fourth ward in said city. And on that day the State of Missouri at the relation of William G. Buechner presented a petition to one of the judges of the circuit court of said city, the Hon. John A. Talty, in which he alleged that he was legally elected to the position then and now unlawfully held by said Thomas J. Buckley, and requesting that a writ of mandamus be issued, commanding Joseph Folk as circuit attor-

ney for said city to exhibit an information against said Thomas J. Buckley to oust him from his seat as a member of the House of Delegates as aforesaid, and in pursuance of said request the Hon. John A. Talty, as judge of the circuit court of said city, as aforesaid, did on the day named in vacation, issue an alternative writ of mandamus, commanding Folk as circuit attorney to sign and exhibit an information in said Talty's court in the nature of a quo warranto at the relation of William G. Buechner against Buckley requiring him to show by what authority he used and enjoyed the rights, liberties and privileges as a member of the House of Delegates of the city of St. Louis from the Twenty-fourth ward.

On June 20, 1901, Folk made application to the presiding judge of Division No. 2 of the Supreme Court for a writ of prohibition to prohibit Judge Talty from further proceeding with the case, which said application was as follows:

In the Supreme Court of the State of Missouri, April Term, 1901, Division No. 2 thereof.

State ex rel Joseph Folk, Relator,
        vs.
John A. Talty and William G. Buechner, Respondents.

Relator states that he was, on November 6, 1900, duly elected circuit attorney within and for the eighth judicial circuit of Missouri, and thereafter, in due time and in the proper manner, legally qualified and became, and is now the circuit attorney for the eighth judicial circuit and exercises the powers and duties of said office. That John A. Talty is one of the judges of the eighth judicial circuit of the State of Missouri, commissioned and legally qualified and acting as such, presiding over Division No. 7 of the circuit court of the city of St. Louis. That William G. Buechner is a citizen of the city of St. Louis and the State of Missouri.

Relator states that on June 17, 1901, there was filed in the office of the clerk of the circuit court in the city of St. Louis and presented to the Honorable John A. Talty, judge of Division No. 7 of the circuit court in vacation, at the June term, 1901, on the eighteenth day of June, 1901, a petition praying for writ of mandamus, which petition is in words and figures following, to-wit:

State ex inf. v. Talty.

## PETITION FOR MANDAMUS.

State of Missouri, City of St. Louis, ss.

In the circuit court, June term, 1901.

State of Missouri, at the relation of William G. Buechner, petitioner,
vs.

Jos. W. Folk, circuit attorney within and for the Eighth judicial circuit, defendant.

"I. The petition of William G. Buechner respectfully represents to the court that on Tuesday, the second day of April, 1901, at the city of St. Louis, Missouri, an election was duly held for certain officers in and for said city, including a member of the House of Delegates of the Municipal Assembly from each ward of said city for a term of two years from and after that date.

II. That at said election William G. Buechner, the petitioner, one Thomas J. Buckley, one Felix Lawrence, and one M. Ballard Dunn, were candidates and the only candidates in the Twenty-fourth ward of said city for member of the House of Delegates aforesaid from said ward; that your petitioner received the highest number of legal votes cast in said ward for said office at said election; that the judges of election in the various precincts of said ward duly canvassed the votes cast for said office at said election and certified the same results to the Board of Election Commissioners for the city of St. Louis, Missouri; that the said Board of Election Commissioners, in accordance with the law, canvassed and added up the correct returns of the judges of election of the Twenty-fourth ward for member of the House of Delegates from said ward, and found and declared according to law, that your petitioner had received 1,827 votes, Thomas J. Buckley, 1,822 votes, Felix Lawrence, 922 votes, and M. Ballard Dunn 18 votes for said office, and that your petitioner, having received the highest number of votes cast for said office, was the duly elected candidate; that the said Board of Election Commissioners, on April 6, 1901, issued to your petitioner a certificate of election for said office as provided and required by law; that on April 6, 1901, your petitioner took and subscribed the oath of office before the City Register of said city, as prescribed by the charter of said city, and that he then was and became qualified in every respect to sit and act as a member of the house of delegates aforesaid from the said Twenty-fourth ward.

III. Petitioner states that at the time of his said election he possessed and he now possesses all of the qualifications required by the charter of the city of St. Louis to be possessed by members

of said House of Delegates; that at the time of his election he had attained the age of at least twenty-five years; had been a citizen of the United States and of the city of St. Louis at least three years and of the Twenty-fourth ward of said city for at least two years next before said election; he is not and had not at that time been directly or indirectly interested in any contract with the said city or with any department or institution thereof; was not indebted to the city or state on account of any tax; and has never been convicted of malfeasance in office, bribery or other corrupt practices or crimes, and that he had paid city and State taxes for two years next before said election.

IV. Petitioner further states to the court that on the organization of the House of Delegates aforesaid, to-wit, on April 6, 1901, the duly appointed committee on credentials of the members of said House of Delegates submitted a report to said house, in which it was stated that certain members, among them William G. Buechner, your petitioner, from the Twenty-fourth ward, had received their certificates of election from the election commissioners of said city, and had duly qualified before the City Register of ·said city, which report was unanimously adopted by said House of Delegates and spread on the journal of the proceedings of said House; that thereby petitioner was admitted to and thereafter, and until the time hereinafter stated, did occupy his seat in said House of Delegates as member thereof from the Twenty-fourth ward of said city, and was fully recognized by said House of Delegates as a lawfully elected member thereof; that he was called upon and permitted to vote on various measures and proceedings had in said House, and in every way, manner and form declared and proclaimed to be a member of said House and fully confirmed in his right and title to his seat in said House as such member.

V. And petitioner further states to the court that thereafter, to-wit, on April 9, 1901, said Thomas J. Buckley, conspiring with a majority of the members of said House of Delegates to unlawfully deprive petitioner of his seat in said House of Delegates, caused and procured to be brought before said House a contest of the election of your petitioner, said Buckley claiming therein to have received a higher number of votes than petitioner for said office at said election; and thereupon, said House of Delegates, in pursuance of the conspiracy aforesaid, against the protest of petitioner, and without authority of law, took and assumed jurisdiction to judicially determine said contest of election of said Buckley against the petitioner; that said House of Delegates without previous notice to petitioner, and without giving petitioner opportunity to be heard or to defend his rights to

State ex inf. v. Talty.

his said seat by a mere majority vote, declared petitioner's seat vacant, and that said Buckley had been duly elected thereto and that he had received a majority of votes at the election aforesaid for said office, and ejected petitioner from his seat and installed said Buckley therein.

VI.   Petitioner states that from that time until the filing of this petition the said Thomas H. Buckley, without legal warrant, certificate of election, grant or right whatsoever, has held, used and enjoyed the office of member of the House of Delegates from the Twenty-fourth ward; that he has usurped, intruded into and unlawfully held said office and still does usurp, intrude into and unlawfully hold and exercise said office at the city of St. Louis, Missouri, aforesaid, in contempt of and to the great damage and prejudice of the authority of the State of Missouri, and to the great and irreparable damage and prejudice of this petitioner.

VII.   Petitioner further states that the defendant, Joseph W. Folk, is the circuit attorney within and for the Eighth judicial circuit of the State of Missouri; that petitioner applied to said circuit attorney and requested him in his official capacity to exhibit to this honorable court an information in the nature of a quo warranto, at the relation of this petitioner, against the said Thomas J. Buckley, according to the statute in such cases made and provided to oust said Buckley from petitioner's seat in said House of Delegates; that petitioner presented and submitted to said circuit attorney a petition in due form in the nature of a quo warranto containing a statement of the facts of the usurpation of said Buckley as aforesaid, and stated that he desired to prosecute such a proceeding against said Buckley at his own expense, and that he had employed counsel to prosecute such proceeding in his own behalf, but that said circuit attorney, in violation of his official duty to the State of Missouri and of his duty to your petitioner as a citizen and taxpayer and the rightful claimant of said office, and with a wrongful determination to deprive petitioner of said remedy and to leave him without remedy in the premises, refused and still refuses so to do. Petitioner states that he has applied to Edward C. Crow, the Attorney-General of the State of Missouri, and requested him to exhibit said information in his official capacity, at the relation of petitioner, and stated to him that he desired to prosecute the same at his own expense and had employed counsel to act in his own behalf, but that said Attorney-General has refused and still refuses so to do.

VIII.   Petitioner states that he is without further remedy

in the premises, save and except by the compulsory process of this honorable court.

Wherefore petitioner prays that by writ of mandamus the said defendant, Joseph W. Folk, circuit attorney within and for the Eighth judicial circuit aforesaid, be commanded and required to sign and exhibit in this court an information in the nature of a quo warranto, at the relation of this petitioner, against the said Thomas J. Buckley, to require him to show by what authority he claims to have, use and enjoy the office, rights, liberties and privileges of member of the House of Delegates of the Municipal Assembly of the city of St. Louis, Missouri, from the Twenty-fourth ward thereof; and for such other process, orders and remedies in the premises as may to the court seem meet and proper.

C. W. RUTLEDGE,
Attorney for William C. Buechner, the Petitioner.

State of Missouri, City of St. Louis, ss.

William G. Buechner, being duly sworn, upon his oath, states that the matters and things stated in the foregoing petition are true to the best of his knowledge and belief.

WM. G. BUECHNER, Petitioner.

Subscribed and sworn to before me this seventeenth day of June, A. D. 1901. My term expires January 29, 1903.

(Seal.)                    ALBERT C. BLANKE, Notary Public.

And that afterwards, on the eighteenth day of June, 1901, said John A. Talty, acting as judge of Division No. 7 of the circuit court of St. Louis city, in vacation, at the June term, 1901, issued an alternative writ of mandamus, commanding the said Joseph W. Folk, circuit attorney of the Eighth judicial circuit of the State of Missouri, to sign and exhibit an information in said court in the nature of a quo warranto at the relation of William G. Buechner against the said Thomas J. Buckley to require him to show by what authority he claims to have, use and enjoy the office, rights, liberties and privileges of a member of the House of Delegates of the Municipal Assembly of the city of St. Louis, Missouri, from the Twenty-fourth ward thereof, or to appear before said circuit court in courtroom No. 7, on Friday, June 21, 1901, at ten o'clock a. m., then and there to show cause, if any, why said Joseph W. Folk should not so file said information in the nature of a quo warranto aforesaid. Relator states that the object and nature of said proceedings of mandamus is to compel relator in his official capacity as circuit attorney to file an information in quo warranto to determine a contested election for membership in the House of Delegates in the Twenty-fourth ward

between William G. Buechner and Thomas J. Buckley; that said election, contested under article 3, section 8 of the charter of the city of St. Louis, has been determined by said House of Delegates, and that under said article 3, section 8 of the charter of the city of St. Louis, each House of the Municipal Assembly "shall be the sole judge of the qualification, election and return of its own members," and each house is, under the authority vested in it by the charter, legally authorized to declare all that constitutes a legally elected member of each of said respective bodies of the Municipal Assembly.

Relator states that under the Constitution and the laws of the State of Missouri the relator is vested with an official discretion in determining whether or not he will file a quo warranto proceeding against any person for usurping a public office, and that relator did exercise his discretion in this matter and investigated the question and decided that it was his duty to refuse to institute said quo warranto proceedings to oust Thomas J. Buckley as a member of the House of Delegates, for the reason that, under the Constitution and laws of the State of Missouri, after the House of Delegates had taken up the matter of the contest between Buechner and Buckley for the seat in the Twenty-fourth ward of the city of St. Louis in said House and determined the same, said finding of said House of Delegates and their determination as to the right and authority of Buechner and Buckley in the matter of said contest could not be reviewed in a quo warranto proceeding.

And relator states that, under the Constitution and laws of the State of Missouri it is made the duty of the Supreme Court to see that the circuit court of the city of St. Louis, and each division thereof, and the judges thereof, as well as other inferior courts, keep within the bounds and limits of their respective jurisdictions prescribed for them by the Constitution and statutes of the State.

Relator states that the proceedings in the circuit court of the city of St. Louis, before John A. Talty as judge of Division No. 7 thereof, in vacation, are in violation of the Constitution and laws of the State of Missouri and to the manifest damage, prejudice and grievance of the relator and the public and are wholly illegal and void.

Relator states that the proceedings aforesaid now being had in the circuit court of the city of St. Louis, Division No. 7 thereof, is a direct attempt on the part of said circuit court to try in a quo warranto proceeding a contested election case and deter-

Vol 166 mo—35

mine the right to a seat in the House of Delegates from the Twenty-fourth ward in the city of St. Louis, and that under the Constitution and laws of this State a quo warranto proceeding is not a contested election case within the meaning of the Constitution.

Relator further states that said proceeding in the circuit court of the city of St. Louis, Division No. 7 thereof, is a direct, illegal and unauthorized attempt to determine the right of William G. Buechner to a seat in the House of Delegates from the Twenty-fourth ward in the city of St. Louis.

Relator further states that said proceedings in said circuit court in the city of St. Louis, Division No. 7 thereof, is a direct and unauthorized attempt on the part of the circuit court of the city of St. Louis, Division No. 7, thereof, and John A. Talty as judge thereof in vacation, to direct and compel relator as circuit attorney of the Eighth judicial circuit of Missouri to file a proceeding in quo warranto to determine the right to a public office, and that the authority and power to determine when and under what circumstances relator will file a quo warranto to determine the right to a public office is by the Constitution and laws of Missouri vested in the circuit attorney of the city of St. Louis, and that relator necessarily has an official discretion to exercise to determine the question as to when a quo warranto should be filed, and, therefore, said effort of said circuit court and said John A. Talty as judge thereof, in vacation, is an unwarranted and unlawful usurpation of power and jurisdiction not possessed by said circuit court in the city of St. Louis, Division No. 7 thereof, nor by said John A. Talty as judge thereof in vacation.

Relator states that neither said circuit court of the city of St. Louis, Division No. 7 thereof, nor John A. Talty as judge thereof, in vacation, has power or authority by mandamus to compel relator to file quo warranto proceedings to determine the question as to whether or not William G. Buechner is entitled to a seat in the House of Delegates from the Twenty-fourth ward of the city of St. Louis.

Relator states that it belongs peculiarly to the Supreme Court to put official construction upon the statutes of the State of Missouri and the Constitution thereof and the common law of this State, and that it is the duty of the Supreme Court to prohibit the circuit court or any division thereof or any judge thereof in the city of St. Louis or any other inferior court from placing any construction on the statute or laws or Constitution of the State of Missouri different from that which is put upon them by the Supreme Court; that the said circuit court of the city of St.

Louis, and all other courts of the State of Missouri, are to expound and construe the statutes and laws of this State as the Supreme Court shall say the same ought to be expounded, in order that there may be prevented the disorderly and disgraceful spectacle of the officers of the different courts with different processes coming in direct collision; and in order that the judiciary shall not unlawfully and illegally interfere with the executive and legislative branches of the State government acting within their proper sphere and according to law. And to this end it is the duty of this court to prevent a misconstruction of the statutes by prohibition, and this court has power and jurisdiction so to do.

Wherefore, relator prays the remedy of a writ of prohibition against John A. Talty and William G. Buechner and that the same be issued and directed to them, prohibiting them from further continuing the mandamus proceedings styled "The State of Missouri, at the relation of William G. Buechner, petitioner, vs. Joseph Folk, circuit attorney within and for the Eighth judicial circuit, defendant," in the circuit court of St. Louis, Division No. 7 thereof; relator further prays that the order heretofore issued by John A. Talty, judge of Division of No. 7 of the circuit court of the city of St. Louis, in vacation, ordering and commanding said Joseph W. Folk, circuit attorney of the Eighth judicial circuit of the State of Missouri, to sign and exhibit in said circuit court an information in the nature of a quo warranto at the relation of William G. Buechner, petitioner, against the said Thomas J. Buckley, to require said Buckley to show by what authority he claims to have, use and enjoy the office, rights, liberties and privileges of a member of the House of Delegates of the Municipal Assembly of the city of St. Louis, Missouri, from the Twenty-fourth ward thereof, or to appear before said circuit court in courtroom No. 7 on Friday, June 21, 1901, at ten o'clock a. m., then and there to show cause, if any, why relator should not file said quo warranto proceedings, be set aside and held for naught, and that the said respondents and each of them be prohibited from taking any further action in the premises aforesaid.

EDWARD C. CROW,
Attorney-General for Relator.

The writ was granted and the respondents have filed the following returns:

In the Supreme Court of Missouri, Division No. 2.

State ex rel. Joseph W. Folk, Relator,

vs.

John A. Talty and William G. Buechner, Respondents.

Now at this day comes respondent, John A. Talty, and for his return to the order to show cause why a writ of prohibition should not issue as prayed at the suggestion of relator herein, admits that he did, acting as judge of Division No. 7 of the circuit court of St. Louis city, in vacation, at the June term, 1901, issue an alternative writ of mandamus commanding relator, Joseph W. Folk, to exhibit an information in said court in the nature of a quo warranto, at the relation of William G. Buechner and against Thomas J. Buckley, or to appear before said circuit court in courtroom No. 7 on Friday, June 21, 1901, at ten o'clock a. m., and show cause why he should not do so, and respondent further states that he made said order so that he might hear the parties in court and there determine whether under the law and the facts he should make the order prayed for against relator; that since the order made by this honorable court respondent has refrained from all action in the premises and holds himself in readiness to comply with any orders made by it.

Wherefore respondent prays that the writ of prohibition be not issued against him as prayed by relator, and that he go hence with his costs.        JOHN A. TALTY, *pro se.*

In the Supreme Court of Missouri, April term, 1901. Division No. 2.

State ex rel. Joseph W. Folk, Relator.

vs.

John A. Talty and William G. Buechner, respondents.

Comes now respondent, William G. Buechner, and for answer and return to the petition and the writ of prohibition heretofore issued

I. Admits that the relator herein is the circuit attorney within and for the Eighth judicial circuit of Missouri. Admits that John A. Talty is one of the judges of the Eighth judicial circuit, presiding over Division No. 7 of the circuit court of the city of St. Louis, and this respondent is a citizen of the city of St. Louis and State of Missouri. Admits that he filed the peti-

tion for a writ of mandamus against relator as set out in the
relator's return, in the circuit court of the city of St. Louis,
Missouri, and that said petition was presented to the Honorable
John A. Talty, judge of Division No. 7 of said circuit court.
Admits that said John A. Talty, as judge of said division of
said circuit court, upon presentation of said petition to him,
issued an alternative writ of mandamus against the relator herein
as circuit attorney within and for the Eighth judicial circuit,
commanding him to sign and exhibit an information in the
nature of a quo warranto, at the relation of this respondent,
against Thomas J. Buckley, or to show cause why he should not
so do, as alleged in relator's petition.

II.  Denies that the object and nature of said proceedings
in mandamus were to compel the relator herein to file an infor-
mation in quo warranto to determine a contested election for
member of the House of Delegates in the twenty-fourth ward
between William G. Buechner and Thomas J. Buckley, as alleged
in relator's petition herein, but states that said proceedings were
to compel relator to exhibit an information in the nature of a
quo warranto, at the relation of this respondent, against said
Buckley, to require him to show by what authority he holds and
executes said office, and to oust him from said office if he
failed to show any legal authority for holding same.  Denies that
the relator herein is, under the Constitution and laws of Mis-
souri, vested with an official discretion in determining whether
or not he will file an information in the nature of a quo warranto
at the relation of any person desiring to prosecute against any
person usurping a public office; and this respondent states that
the statute in such cases makes it mandatory on the relator as
the incumbent of the office of circuit attorney to exhibit such an
information and the circuit court of the city of St. Louis,
Missouri, is fully empowered under the Constitution and laws
of Missouri to compel him by mandamus to perform such a
duty imposed on him by law.  Denies that the mandamus pro-
ceedings aforesaid are in violation of the Constitution and laws of
Missouri, to the manifest damage, prejudice and grievance of the
relator and the public, and that same are wholly illegal and void.
Denies that said proceedings are a direct attempt on the part
of the circuit court to try in quo warranto proceedings a con-
tested election case, and to determine the right to a seat in the
House of Delegates from the Twenty-fourth ward of the city of
St. Louis.  Denies that said proceedings are a direct, illegal and
unauthorized attempt to determine the right of this respondent to
his seat in the house of delegates aforesaid.  Admits each and

every allegation set out in relator's petition not controverted in this return.

III. This respondent for further answer and return states that he is the duly elected member of the House of Delegates of the Municipal Assembly of the city of St. Louis, Missouri, from the Twenty-fourth ward; that he was so elected at the election held April 2, 1901, in the city of St. Louis; that he received the highest number of votes for said office; that the Board of Election Commissioners for the city of St. Louis duly issued to him his certificate of election; that he took the oath of office before the City Register of said city; that he was duly installed in his office at the organization of said House of Delegates; that he had all of the qualifications for said office required by law; that the House of Delegates, after his installation in said office, and at the instance of said Thomas J. Buckley, and without any notice, or requiring any notice to be given to the respondent, undertook to try and determine a contest of election of this respondent instituted in said House by said Buckley; that said House of Delegates, against the protests of this respondent, and without giving him an opportunity to be heard, arbitrarily decided said contest against this respondent, ousted him from his office and installed said Buckley therein; and that said Buckley from that time to the present time has held and executed said office.

IV. This respondent states that the action of the House of Delegates aforesaid in trying and determining an election contest against one of its members, ousting him and installing another therein was without warrant or authority of law; that its action in the premises was an unlawful infringement and usurpation by a legislative body upon the functions and powers of the judiciary of the State; that the trial and determination of an election contest of a municipal officer is a proceeding, under the Constitution and laws of Missouri, for the determination of the judicial branch of the State government.

V. This respondent states that the Constitution of the State of Missouri provides that the powers of the government shall be divided into three branches—the legislative, the executive and the judicial—and that each shall be confined to a separate magistracy, and that no branch shall exercise the powers properly belonging to any other branch; that the action of the House of Delegates aforesaid, being the trial and determination of a matter properly belonging to the judiciary by a legislative body, was a violation of this provision of the Constitution, and therefore void.

VI. This respondent further states that the Constitution of the State of Missouri further provides that the trial and determination of contested elections of municipal officers shall be by the courts of law; that the action of the House of Delegates aforesaid being the trial and determination of an election contest of a municipal officer by a legislative body was in violation of this provision of the Constitution, and therefor void.

VII. This respondent further states that if the House of Delegates as alleged in relator's petition herein, undertook to try and determine the election contest of said Buckley against this respondent, under and by authority of the provisions of article 3, section 8, of the charter of the city of St. Louis, which provides that "each house shall be the sole judge of the qualifications, election and returns of its own members," and if said section does undertake to give the House of Delegates the power to try and determine election contests of its own members, said section is in conflict with the provisions of the Constitution above mentioned, and is, therefore, void, and any act of the House of Delegates thereunder is wholly void; that the article in the Constitution of Missouri, which authorizes the promulgation of the charter of the city of St. Louis by the people of St. Louis, expressly provides that "such charter shall always be in harmony with and subject to the Constitution and laws of Missouri."

VIII. This respondent further states that under the Constitution and laws of Missouri, the circuit court of the city of St. Louis, is vested with supervisory control over the action of inferior tribunals, and if the House of Delegates aforesaid had power to determine an election contest, its action was judicial in its nature and being that of an inferior tribunal its action was subject to the supervisory control of the circuit court aforesaid, and the circuit court of the city of St. Louis has the power in quo warranto proceedings to oust said Buckley from said office, if it finds him to be an intruder.

IX. This respondent states that the action of the House of Delegates aforesaid, being without legal authority, was wholly void; that the said Thomas J. Buckley, holding said office solely by reason thereof, and not being the duly elected candidate to said office, became, was and is an usurper and intruder into said office, and he unlawfully holds and executes the same.

X. This respondent further states that the laws of the State of Missouri provide that in case any person shall usurp, intrude into and unlawfully hold and execute any office, the circuit attorney in the jurisdiction in which the action arises, shall exhibit to the circuit court, an information in the nature

of a quo warranto, at the relation of any person desiring to prosecute the same; that this respondent applied to the relator herein, and stated all of the facts of the usurpation of said office by said Buckley, and requested the relator to exhibit an information in the nature of a quo warranto at this respondent's relation against said Buckley, and stated that he desired to prosecute the same at his own expense, but that the relator refused so to do, that this respondent applied to Edward C. Crow, as Attorney-General of the State of Missouri and requested him to exhibit said information in the nature of a quo warranto at this respondent's relation, and that he refused so to do; that he again applied to the relator herein and the relator again refused to exhibit said information, and being without further remedy in the premises, this respondent applied for the writ of mandamus aforesaid against the relator.

XI. This respondent further states that if a discretion is vested in the circuit attorney as to whether or not he will exhibit an information in the nature of a quo warranto at the relation of any person desiring to prosecute, that such discretion can only be exercised in a case of disputed facts; that in this case there is no dispute as to the facts and mandamus will lie to control an erroneous conclusion of law on the part of any discretionary officer, where the matter before him is preliminary to the action or the trial of the action proper, and is a question of law on a stated set of facts.

XII. And this respondent further states that the relator herein, the said Thomas J. Buckley, and a majority of the members of the House of Delegates aforesaid, belong to the same political party or organization, and that said party or organization is politically opposed to the party to which this respondent belongs; that this respondent applied to the relator and stated the facts of his case, as hereinbefore, and in relator's petition, set out, all of which the relator admitted he knew to be true; this respondent further informed relator that he had employed counsel in good standing to examine the law bearing on said facts and give an opinion on the same; that said counsel did so, and gave an opinion that said Thomas J. Buckley was in law a usurper, and could be ousted from said office, and said counsel so stated the same to the relator, and fully argued the case with him; that this respondent stated to relator that he was ready and willing to pay all costs and expenses of said proceedings in quo warranto and had employed counsel to prosecute the same in his behalf to final determination; that all he required of relator was that he sign a proper petition in the nature of a quo warranto at this respondent's relation, so that same could be exhibited

State ex inf. v. Talty.

in the circuit court with relator's official sanction, according to the requirements of the law, and relator was not required to do any other act in the case unless on his own volition, but relator arbitrarily refused to sign any such petition. And this respondent further states that from the foregoing facts he infers and therefore asserts the fact to be that the relator's refusal aforesaid was because of partiality to said Buckley and prejudice, passion and adverse interest to this respondent; and this respondent stated that under the law, where an official discretion is influenced by bad faith, partiality, prejudice, passion or adverse interest it can and will be controlled by mandamus, and such an official will not be heard to set up his official discretion in his defense.

Wherefore having fully answered herein the respondent prays that the temporary order of prohibition be dissolved; that the circuit court of the city of St. Louis, Missouri, and John A. Talty, presiding judge of Division No. 7 thereof, be ordered to further proceed with the mandamus proceedings herein prohibited, and that this respondent be discharged hence with his costs.

C. W. RUTLEDGE, Attorney for William G. Buechner.

And upon that return the relator filed the following motions:

In the Supreme Court of Missouri, October term, 1901, Division No. 2.

State ex rel. Jos. W. Folk, Relator.

vs.

John A. Talty and William G. Buechner, Respondents.

Comes now the relator herein and moves to strike out the return of John A. Talty, herein, for the reason that said return sets out no facts that show a legal reason for the issue of the alternative writ of mandamus commanding the relator, Joseph W. Folk, to exhibit an information in said court in the nature of a quo warranto at the relation of William G. Buechner and against Thomas J. Buckley.

Second, for the reason that said return does not show any legal grounds why the writ of prohibition should not issue in this cause.

Third, for the reason that respondent, John A. Talty, had no legal right to issue the alternative writ commanding relator to appear in said circuit court No. 7, in order that said John A. Talty, judge of said circuit court for the city of St. Louis,

Division No. 7 thereof, might hear the parties in court and there determine whether under the law and the facts, he should make the order prayed for.

EDWARD C. CROW, Attorney-General.

In the Supreme Court of Missouri, October term, 1901. Division No. 2.

State ex rel. Joseph Folk, Relator,

vs.

John A. Talty and William G. Buechner, Respondent.

Comes now the relator and moves to strike out all of paragraph four of the return herein, also, paragraph eight, paragraph nine, and paragraph ten, and particularly that portion of paragraph ten beginning with the words, "that this respondent applied to Edward C. Crow, Attorney-General of the State of Missouri," etc., etc., and concluding with the words, "against the relator," at the close of said paragraph ten. Also paragraph eleven of said return and paragraph twelve thereof, for the reason that the matters and facts set forth in the parts of said return which relator moves to strike out are wholly immaterial to the issue involved in the controversy and constitute no reason why respondents herein should not be restrained by a writ of prohibition in this case.

EDWARD C. CROW, Attorney-General.

In the Supreme Court of Missouri, Division No. 2, October term, 1901.

State ex rel. Joseph Folk, Relator,

vs.

John A. Talty and William G. Buechner, Respondents.

Comes now the relator herein and moves the court to strike out the answer of the respondent William G. Buechner.

First. Because the return of the respondent does not state any facts constituting a legal reason why the writ of prohibition should not issue in this case.

Second. Because the return shows it is an attempt to try an election contest for a seat in the House of Delegates for the Twenty-fourth ward in the city of St. Louis, by means of a quo warranto proceeding.

Third. Because the return of the respondent William G. Buechner shows that the circuit court of the city of St. Louis had no jurisdiction to issue the writ of mandamus against the relator herein.

EDWARD C. CROW, Attorney-General.

The paramount question in this case, and the one which overshadows all others is as to whether or not the circuit court had jurisdiction to compel an executive officer of the State to sign and file a writ in the nature of a quo warranto to determine the title to an office.

The question then presented is, who is entitled under the statute as it now, stands to ask that an information in nature of a quo warranto be filed?

It was ruled in the case of the State ex rel. McCaffery v. Aloe, 152 Mo. 466, that prohibition is the proper remedy to prevent a court from assuming a jurisdiction it has not or exceeding a jurisdiction it has, and unless the circuit attorney had no discretion to exercise with respect to the quo warranto proceeding against Buckley, and was obliged to institute such proceeding against him upon the application of Buechner, or that in failing to do so, he was either not exercising his discretion at all or in so doing was acting in a capricious or arbitrary manner, the circuit court was without jurisdiction or authority to compel him to institute such proceeding, and prohibition was the proper remedy.

The first legislation in this State in regard to informations in the nature of quo warranto proceedings in the circuit court was in 1825, when the Legislature passed "An Act to regulate proceedings upon information in the nature of quo warranto," page 654, Revised Laws 1825, the first section of which is as follows:

"That in case any person or persons shall usurp, intrude into, or unlawfully hold and execute any office, or franchise, it shall and may be lawful, to, and for, the Attorney-General, or the circuit attorney of the proper circuit with the leave of any circuit court, to exhibit to such court, one or more information or informations, in the nature of a quo warranto at the relation of any person or persons, desiring to sue or prosecute

the same, who shall be mentioned in such information or informations, to be the relator or relators, against such person or persons so usurping, intruding into, or unlawfully holding or executing any such office or franchise, and to proceed thereon in such manner as is usual in cases of informations in the nature of a quo warranto; and if it shall appear to such court that the several rights of divers persons, to the same office or franchise, may properly be determined on one information, it shall and may be lawful for the said courts to give leave to exhibit one such information against several persons, in order to try their respective rights to such office or franchise."

The section of the act quoted is a substantial copy of the fourth section of an act of the Legislature of the State of New York with respect to informations in the nature of a quo warranto, passed February 6, 1788 (2 Laws New York, 1785-1788), by which it was provided that, "In case any person or persons shall usurp, intrude into or unlawfully hold and execute any office or franchise within this State, it shall and may be lawful to and for the Attorney-General, with the leave of the Supreme Court, to exhibit one or more informations in the nature of a quo warranto at the relation of any person or persons desiring to sue or prosecute the same who shall be mentioned in such information or informations to be the relator or relators."

And under that statute the Attorney-General in the case of The People ex rel. Tell v. Sweeting, 2 Johns. Rep. 183, moved for leave to file an information, in the nature of a quo warranto against Sweeting, acting supervisor of the town of Manlius in said State. It was held that it was discretionary with the court to grant motions of the kind, or to refuse them.

By the Revised Statutes of New York, 1829, vol. 2, p. 581, this discretionary power was taken from the courts and vested in the Attorney-General in the following language: "Information in the nature of a quo warranto, may be filed in the Supreme Court of this State, by the Attorney-General,

against individuals, upon his own relation or upon the relation of any private party, and without applying to such court for leave, .... when any person shall usurp, intrude into or unlawfully hold or exercise, any public office," etc.    It was thereafter held by the Supreme Court of that State in the case of The People v. The Attorney-General, 22 Barb. 114, that under the provisions of said statutes and the code, it was for the Attorney-General, and not the Supreme Court, to determine whether, in any particular case, it is proper that an action to try the right to an office shall be brought or not, and that mandamus would not lie to compel him to prosecute an action of that nature.

In 1835 (Revised Statutes of Missouri, 1835, p. 523) the Missouri statute was changed, so as to read as follows:

"Section 1.    In case any person shall usurp, intrude into, or unlawfully hold or execute any office or franchise, the Attorney-General, or circuit attorney for the proper circuit, with the leave of any circuit court, shall exhibit to such court an information, in the nature of a quo warranto, at the relation of any person desiring to prosecute the same."

It will be observed that the change in the statute in no way interfered with the discretionary power of the circuit court to grant or refuse permission to the Attorney-General or circuit attorney of the proper circuit to exhibit an information in the nature of a quo warranto at the relation of any person desiring to prosecute the same.    This statute remained unchanged until March 20, 1872 (Laws 1872, pp. 66 and 67), when it was amended so as to read as follows:

"Section 1. . In case any person shall usurp, intrude into or unlawfully hold or execute any office or franchise, the Attorney-General of the State, or any circuit, county or prosecuting attorney of the county in which the action is commenced, shall exhibit to the circuit court, or other court having concurrent jurisdiction therewith in civil cases, an information in the nature of a quo warranto, at the relation of any person desir-

ing to prosecute the same; and when such information has been filed and proceedings have been commenced, the same shall not be dismissed or discontinued without the consent of the person named therein as the relator; but such relator shall have the right to prosecute the same to final judgment, either by himself or by attorney. If such information be filed or exhibited against any person who has usurped, intruded into or is unlawfully holding or executing the office of judge of any judicial circuit, then it shall be the duty of the attorney-general of the State, or circuit or prosecuting attorney of the proper county, to exhibit such information to the circuit court of some county adjoining and outside of such judicial circuit, and nearest to the county in which the person so offending shall reside."

"At common law the Attorney-General, ex officio, has the right either to sue out a writ of quo warranto, or to bring an information in the nature of a quo warranto, to try the title to a public office, and is not compelled to ask leave of the court; but no *private* individual at common law has a right to use the name of the Attorney-General for the purpose of suing out such a writ, or of bringing such an information." [Attorney-General v. Sullivan, 163 Mass. 446.]

After the Act of 1830 of New York had been passed, and the provision of a former statute requiring leave of the court to file informations was dropped from the statute, and the act provided, that an information in the nature of a quo warranto may be filed in the Supreme Court of the State by the Attorney-General against individuals upon his own relation or upon the relation of any private party when any person shall usurp, intrude into or unlawfully hold or exercise any public office, etc., and the Supreme Court of that State in construing the statute as amended, in People v. Attorney-General, supra, upon an application for mandamus to compel the Attorney-General to file a quo warranto under the statute, ruled that since the change of the statute it was for the Attorney-General and not the court to determine whether in any particular case it was

proper that an action to try the right to an office should be brought or not. In course of the opinion it was said: "There is nothing in the language of the statute which indicates an intention on the part of the Legislature, when dispensing with the necessity of applying to the court for leave to commence the action, to surrender all control over the proceeding. On the contrary, it is plain, I think, that it was intended that the Attorney-General should, upon the circumstances of each case, as it should be presented to him, determine whether the public interest requires that a suit should be prosecuted. Although private rights are always more or less involved in the action, yet it is, in substance as well as in form, an action on behalf of the people. It must be prosecuted in their name, and by the officer whose duty it is to protect their rights."

Now, in the light of these authorities, is there anything in the language of the statute (sec. 4457, Revised Statutes 1899) indicative of an intention on the part of the Legislature to make it the imperative duty of the Attorney-General of the State or any circuit or prosecuting attorney of the county in which the action is commenced, to exhibit to the court having jurisdiction, an information in the nature of a quo warranto at the relation of any person desiring to prosecute the same; and when such information has been filed and proceedings have been commenced, to prohibit him from dismissing or discontinuing the same without the consent of the person therein named as relator and thus surrender all control over the proceeding?

It is argued by defendants that the statute is mandatory, in that the words "shall exhibit," as therein used, "means that the act itself must be done," and that the circuit attorney had no discretion with respect to the matter but was bound to exhibit the writ when requested to do so by Buechner. That the word "shall," as generally used, is mandatory may be conceded, but, it is a cardinal rule that "the intention of an act will prevail over the literal sense of its terms" (Sutherland on Statu-

tory Construction, sec. 219), otherwise it might lead to absurd consequences, which could but be the result in this case if the statute be construed according to its strict letter.

If the statute is to be interpreted in accordance with defendants' contention, the proceeding would be at the mere will or caprice of any person in position to prosecute it, and the Attorney-General, circuit or prosecuting attorney as the case might be, a figurehead, a mere nonentity, and we are unable to believe that any such state of affairs was ever contemplated by the Legislature. The power of determining whether or not the action shall be commenced must exist somewhere, and from the very nature of the writ, its character and purpose, it should rest with the officer who represents the people of the State with respect to such matters. As was said in People v. Attorney-General, supra, the office of Attorney-General (and the same may be said of a prosecuting attorney) is a public trust. "It is a legal presumption that he will do his duty; that he will act with strict impartiality. In this confidence he had been endowed with a large discretion, not only in cases like this, but in other matters of public concern. The exercise of such discretion is, in its nature, a judicial act, from which there is no appeal, and over which courts have no control."

It is too clear for discussion that under the Act of 1825, and up to 1872, the control of the action in the nature of quo warranto was retained by the State, and that leave of court to institute such proceeding was a prerequisite to the presentation of such a writ, nor since the amendment of the quo warranto law in 1872, and as it exists at this time, has there been an express provision in the statute taking away from the State and its officers the right to institute such proceedings at their discretion, and to control the same, in the absence of which it must be presumed that there was no intention to change the policy of the State with respect to quo warranto proceedings.

While mandamus can not be resorted to to control the exercise of discretion, it is not unfrequently used to correct the

abuse of discretion, but it is only where it clearly appears that the officer refusing is not in the discharge of his duty in refusing to exercise his discretion at all, or is acting in utter disregard of the legal rights of others. [State ex rel. Adamson v. Lafayette Co. Ct., 41 Mo. 221; 2 Spelling on Extraordinary Remedies (2 Ed.), sec. 1384; Detroit v. Circuit Judge, 79 Mich. 384.]

There is nothing, however, disclosed by the record in this case, which justified the issuance of the writ of mandamus against the circuit attorney by the defendant, Talty, upon that or any other ground.

Our conclusion is that it was not within the power or jurisdiction of Judge Talty as judge of the circuit court of the city of St. Louis to compel Circuit Attorney Folk, to exhibit a writ in the nature of a quo warranto at the relation of defendant Buechner against Buckley to require him to show by what authority he claimed to hold the office of a member of the House of Delegates of the city of St. Louis.

For these considerations the provisional rule is made absolute. All concur.